**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

EDWARDO RODRIGUES-RODRIQUEZ,
a/k/a Noel Irving Santiago, a/k/a
Lalo,

*Defendant-Appellant.*

No. 01-4338

Appeal from the United States District Court
for the Western District of Virginia, at Harrisonburg.
James H. Michael, Jr., Senior District Judge.
(CR-00-30053-5)

Submitted: October 18, 2001

Decided: October 29, 2001

Before MOTZ and GREGORY, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Jay K. Wilk, JAY K. WILK, P.C., Woodstock, Virginia, for Appellant. Ruth Plagenhoef, United States Attorney, Bruce A. Pagel, Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Edwardo Rodrigues-Rodriquez pled guilty to conspiracy to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. § 846 (1994), and was sentenced to a term of 220 months imprisonment. On appeal, he contends that, because he did his best to cooperate, the district court plainly erred in not departing below the guideline range even though the government did not move for a departure based on substantial assistance under *U.S. Sentencing Guidelines Manual* § 5K1.1, p.s. (2000). Because Rodrigues-Rodriquez made a valid waiver of his right to appeal his sentence, we dismiss the appeal.

Rodrigues-Rodriquez' plea agreement provided that, if he fully cooperated, the government might, but was not required to, move for a downward departure below the guideline range and any applicable mandatory minimum sentence. The agreement also contained a waiver of Rodrigues-Rodriquez' right to appeal his sentence as long as the sentence was within the guideline range. Before accepting Rodrigues-Rodriquez' guilty plea, the district court asked him whether he understood that he was waiving his right to appeal, and was doing so willingly. Rodrigues-Rodriquez replied that he was.

At the sentencing hearing, Rodrigues-Rodriquez did not contest the calculation of his guideline range or request a downward departure. Defense counsel conceded that his client had not been able to provide sufficient information to qualify for a substantial assistance departure. The government asked the court to take into account one factor in Rodrigues-Rodriquez' favor—that he had at some point dispensed with the alias he used after his arrest, disclosed his true name, and told authorities what he knew about the conspiracy. The district court weighed the relevant factors and imposed a sentence toward the low end of the guideline range.

A defendant whose plea agreement contains an express waiver of the right to appeal may not appeal his sentence unless the waiver is shown to be unknowing or involuntary. *United States v. Brown*, 232 F.3d 399, 403 (4th Cir. 2000); *see also United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992). Rodrigues-Rodriquez does not here acknowledge the waiver or argue that it was involuntary. However, our review of the plea agreement and the record of the plea colloquy reveal that the waiver was knowing and voluntary. Moreover, the sentence did not exceed the statutory maximum penalty and there is no evidence that it was based on a constitutionally impermissible factor. *Marin*, 961 F.2d at 496. Therefore, we lack jurisdiction over the appeal.

Rodrigues-Rodriquez also suggests that the government failed to honor its commitment under the plea agreement by not requesting a departure, and that he was thus entitled to withdraw his guilty plea. However, the agreement did not obligate the government to move for a departure.

We therefore dismiss the appeal for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*