UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                                      No. 01-4182

CLARENCE DAVENPORT, a/k/a Sweets,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert E. Payne, District Judge.
(CR-99-4)

Submitted: October 24, 2001

Decided: November 14, 2001

Before WILLIAMS, MOTZ, and TRAXLER, Circuit Judges.

Dismissed by unpublished per curiam opinion.

## COUNSEL

James T. Maloney, Richmond, Virginia, for Appellant. Kenneth E. Melson, United States Attorney, Nicholas S. Altimari, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Pursuant to a valid plea agreement, Clarence Davenport, a/k/a "Sweets," pled guilty to conspiracy to distribute and possess with intent to distribute marijuana, in violation of 21 U.S.C. § 846 (1994), and received a seventy-month prison term. On appeal, he contends that the district court erred by denying his motion for a downward departure due to his numerous medical problems. Because Davenport made a valid waiver of his right to appeal his sentence, we dismiss the appeal.

A defendant whose plea agreement contains an express waiver of the right to appeal may not appeal his sentence unless the waiver is shown to be unknowing or involuntary. *United States v. Brown*, 232 F.3d 399, 403 (4th Cir. 2000); *see also United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992). Davenport's plea agreement contained such a waiver. Our review of the plea agreement and the record of the plea colloquy reveal that Davenport's waiver was knowing and voluntary. The sentence did not exceed the statutory maximum penalty and there is no evidence that it was based on a constitutionally impermissible factor. *Marin*, 961 F.2d at 496. Moreover, the sentence was not imposed pursuant to proceedings conducted in violation of Davenport's right to counsel. *United States v. Attar*, 38 F.3d 727, 732-33 (4th Cir. 1994).

We therefore dismiss the appeal for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*