**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

WILLIAM WOODREW SMITH, JR., a/k/a
Bubba,
          *Defendant-Appellant.*

No. 01-4566

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Robert G. Doumar, Senior District Judge.
(CR-01-16)

Submitted: January 8, 2002

Decided: January 22, 2002

Before WIDENER, WILKINS, and WILLIAMS, Circuit Judges.

---

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

---

**COUNSEL**

Jennifer T. Stanton, J.T. STANTON, P.C., Norfolk, Virginia, for
Appellant. Paul J. McNulty, United States Attorney, James Ashford
Metcalfe, Assistant United States Attorney, Michael Steven Dry,
Third-Year Law Student, Norfolk, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

William Woodrew Smith, Jr., pled guilty to possession of a stolen firearm, in violation of 18 U.S.C.A. §§ 922(j), 924(a)(2) (West 2000) (Count 1); and possession with intent to distribute marijuana, in violation of 21 U.S.C.A. § 841 (West 1999 & Supp. 2001) (Count 4). The district court sentenced Smith to consecutive eighty-five-month terms of imprisonment. Smith appeals, challenging his eighty-five-month sentence on Count 4 and the validity of his guilty plea. The Government has moved to dismiss the appeal based upon Smith's waiver of his right to appeal his sentence. We affirm in part and dismiss in part.

In his plea agreement, Smith waived the right to appeal his sentence on any ground whatsoever. The district court accepted Smith's guilty plea at a hearing conducted in accordance with Rule 11 of the Federal Rules of Criminal Procedure. We have reviewed Smith's plea agreement and the Rule 11 colloquy and find that Smith made a knowing and voluntary waiver of his right to appeal his sentence on Count 4. *See United States v. Brown*, 232 F.3d 399, 402-03 (4th Cir. 2000) (providing standard).

Although Smith contends that the waiver is unenforceable because his sentence violates the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and that he should have been sentenced under the one-year statutory maximum for marijuana offenses set forth in 21 U.S.C.A. §§ 841(b)(4), 844 (West 1999), we do not agree. Smith's eighty-five-month sentence falls within the ten-year statutory maximum sentence applicable to offenses involving less than fifty kilograms of marijuana that were committed by a person, like Smith, who has a prior conviction for a felony drug offense. *See* 21 U.S.C.A. § 841(b)(1)(D); *see, e.g.*, *United States v. Nordby*, 225 F.3d 1053, 1059 (9th Cir. 2000) (holding that prescribed statutory maximum for single conviction under § 841 for undetermined amount of marijuana

is five years). Because the sentence on Count 4 does not exceed the statutory maximum, we grant the Government's motion to dismiss Smith's appeal of his sentence and dismiss this portion of the appeal. *See United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992).

Smith also challenges the validity of his guilty plea on the ground that the district court, by relying on his admissions at sentencing as to drug amounts, violated the term of the plea agreement that provided that truthful information from Smith would not be used to enhance his guideline range. Contrary to Smith's assertion, the admissions on which the court relied served to reduce the amount of drugs for which Smith was held accountable from the amount attributed to him in the presentence report. We therefore find that Smith is not entitled to relief on this claim.

Accordingly, we affirm in part and dismiss in part. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART AND DISMISSED IN PART*