UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
              *Plaintiff-Appellee,*

v.                                              No. 02-4217

OSCAR LEE TAYLOR,
              *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Richard L. Voorhees, District Judge.
(CR-00-41-V)

Submitted: September 6, 2002

Decided: September 23, 2002

Before LUTTIG and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

### COUNSEL

Eric A. Bach, Charlotte, North Carolina, for Appellant. Douglas Scott Broyles, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Oscar Lee Taylor appeals from his conviction and 135-month sentence for conspiracy to possess with intent to distribute cocaine and crack cocaine pursuant to his guilty plea, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846 (2000).

Taylor's counsel raises two issues on appeal pursuant to *Anders v. California*, 386 U.S. 738 (1967): (1) whether the trial court erred in accepting Taylor's guilty plea; and (2) whether the trial court erroneously applied the United States Sentencing Guidelines by sentencing Taylor to 135 months in prison.

Taylor raises several issues pro se in his own pro se briefs: (1) he did not deserve a sentence enhancement for obstruction of justice; (2) the Government acted improperly by untruthfully commenting to the court when requesting an adjustment for his substantial assistance in testifying against his codefendants; and (3) his counsel was ineffective for failing to explain the plea agreement and for allegedly lying to him.

This court reviews Rule 11 plea hearings for plain error. *United States v. Martinez*, 277 F.3d 517, 524, 527 (4th Cir. 2002). Having reviewed the Rule 11 transcript, we find no basis for finding Taylor's plea involuntary.

Taylor also contends that he was prejudiced by errors in his sentencing. However, to the extent that Taylor challenges the calculation of his guideline sentence, his arguments are foreclosed by the waiver of appellate rights in his plea agreement. *United States v. Brown*, 232 F.3d 399, 403-06 (4th Cir. 2000). To the extent that Taylor asserts prosecutorial misconduct in commenting to the court about Taylor's assistance with other prosecutions, his claims are unsupported by the record. Additionally, the Government moved for downward departure under USSG § 5K1.1, which the Court granted.

Next, we reject Taylor's claim of ineffective assistance as the record fails to conclusively demonstrate such ineffective assistance.

*See United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). Such claims should be asserted in a 28 U.S.C. § 2255 (2000) proceeding. *Id.*

As required by *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm Taylor's conviction and sentence and deny his motion for reconsideration of his motion to withdraw, relieve, or substitute counsel. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*