UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

PAUL BRIAN LOWERY,
*Defendant-Appellant.*

No. 01-4480

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
W. Earl Britt, Senior District Judge.
(CR-00-129-BR)

Submitted: October 10, 2002

Decided: October 23, 2002

Before MICHAEL, MOTZ, and GREGORY, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

## COUNSEL

J. Michael McGuinness, THE MCGUINNESS LAW FIRM, Eliza-
bethtown, North Carolina, for Appellant. Thomas B. Murphy, Assis-
tant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Paul Brian Lowery pled guilty pursuant to a plea agreement to making a false statement during a firearms transaction, in violation of 18 U.S.C. § 922(a)(6) (2000). He was sentenced to ninety-six months imprisonment, to be followed by three years of supervised release.

The plea agreement contained a waiver of appellate review, excepting the right to appeal based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of his guilty plea. Nevertheless, Lowery noted an appeal and raised several sentencing issues and that counsel rendered constitutionally ineffective assistance. The Government now moves to dismiss the appeal in part and for summary affirmance in part. Lowery opposes the motion.

A waiver of appeal provision in a valid plea agreement is enforceable if it resulted from a knowing and intelligent decision to forgo an appeal. *United States v. Attar*, 38 F.3d 727, 731 (4th Cir. 1994); *United States v. Wiggins*, 905 F.2d 51, 53 (4th Cir. 1990). This court reviews de novo the validity of a waiver. *United States v. Brown*, 232 F.3d 399, 402-03 (4th Cir. 2000). Lowery asserts that the alleged constitutional errors in sentencing proximately caused by ineffective assistance of counsel should void the appeal waiver. He further argues that the waiver is unenforceable under *United States v. Wessells*, 936 F.2d 165, 167-68 (4th Cir. 1991), because the district court did not specifically question him about the appellate rights waiver. Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during a Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. *Id.* at 167-68.

In *Wessells*, this court found that the Defendant's Rule 11 hearing revealed "that the court did not question Wessells specifically regarding the waiver of the plea agreement." *Id.* at 168. The only discussion of the plea agreement was a statement regarding the waiver by Wessells' attorney. *Id.* In contrast, the district court in Lowery's case restated the appeal waiver provision and asked Lowery if it had accurately summarized the terms and conditions of the agreement as Low-

ery understood it, to which Lowery responded that he understood. Therefore, we conclude the appeal waiver is valid and enforceable and grant the Government's motion to dismiss all the claims related to sentencing as waived.

The only remaining claim that we find is not covered by the waiver is Lowery's argument that counsel rendered ineffective assistance. To succeed on a claim of ineffective assistance of counsel, a defendant must show that his counsel's performance fell below an objective standard of reasonableness and that counsel's deficient performance was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Claims of ineffective assistance of counsel are generally not cognizable on appeal. *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). Such claims must ordinarily be pursued in a motion under 28 U.S.C. § 2255 (2000), to allow for adequate development of the record. *United States v. Hoyle*, 33 F.3d 415, 418 (4th Cir. 1994). An exception to this rule applies when the record on direct appeal conclusively establishes that the defendant did not receive constitutionally sufficient assistance of counsel. *King*, 119 F.3d at 295. The record in this case does not conclusively establish that Lowery received constitutionally inadequate counsel. Therefore, this claim must be raised in a § 2255 motion.

We grant the Government's motion to dismiss in part and to summarily affirm Lowery's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED IN PART; AFFIRMED IN PART*