UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                          No. 01-4677

DEON D. BETHEL,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Herbert N. Maletz, Senior Judge, sitting by designation.
(CR-01-37)

Argued: October 31, 2002

Decided: December 12, 2002

Before TRAXLER, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Edward Smith, Jr., Baltimore, Maryland, for Appellant.
Mark Vincent Talinao Odulio, Special Assistant United States Attorney, Baltimore, Maryland, for Appellee. **ON BRIEF:** Thomas
DiBiagio, United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Deon D. Bethel appeals his conviction and sentence under 18 U.S.C. § 922(g) based on the district court's denial of his motion to suppress and the court's refusal to make a downward departure by one offense level pursuant to U.S.S.G. § 3E1.1(b)(2). Finding no error, we affirm.

I.

On December 28, 2000, at 1:40 p.m., Baltimore City Police Officers Reginald Parker and Cory Jennings observed a black Lexus in the middle of the road on a one-way street. The officers observed a passenger exit the vehicle and enter a home on the street. The officers then slowly drove around the vehicle and recognized the driver of the Lexus as a person they had stopped the previous week for speeding. They remembered that they had given the driver a warning for driving without a license, but did not have time to write the driver a ticket.

Officer Parker instructed the driver, Deon D. Bethel, to pull over to the curb, and Bethel complied. Parker then approached the vehicle and asked Bethel for identification. Bethel informed the officer that he did not have any identification on him. While Bethel's window was down, Parker smelled the distinct odor of marijuana coming from the vehicle. Parker then asked Bethel to exit the vehicle, placed him under arrest, and took him to the police station.[1] At the station, Bethel gave the police consent to search his bedroom in his mother's home. The police went to the home and found a firearm in his bedroom.[2]

On January 26, 2001, Bethel was indicted on one count of possessing a firearm by a convicted felon in violation of 18 U.S.C.

---

[1]The vehicle was impounded pursuant to Bethel's arrest, and the police found $8,325.00 in the car.

[2]On December 28, 2000, Bethel was charged in state court with possession of a handgun and knowingly possessing a firearm after being convicted of a felony. Appellant's Br. at 5. However, the state dismissed all of its charges. *Id.*

§ 922(g)(1). On March 21, 2001, Bethel filed a motion to suppress or exclude evidence, arguing that the gun should be suppressed because the weapon was seized pursuant to an unlawful arrest. After conducting a hearing on the motion, the district court held that the arrest was lawful under MD. CODE ANN., [Transp.] § 26-202(a)(2)(i) (2000), and denied the motion to suppress the gun. The district court explained, "[T]he Maryland statute is clear. It permits an arrest for a non-incarcerable offense, specifically here a traffic offense, if the person does not furnish satisfactory evidence of identity. There's no exception . . . unless the officer knows who the person is." S.A. 60.

On April 17, 2001, Bethel filed a motion for reconsideration, which the district court denied.[3] On May 25, 2001, Bethel was rearraigned and entered a guilty plea pursuant to a plea agreement. In the agreement, Bethel reserved the right to appeal the district court's denial of his motion to suppress or exclude evidence. However, both Bethel and the government agreed to "expressly waive all rights . . . to appeal whatever sentence is imposed including any issues that relate to the establishment of the guideline range, reserving only the right to appeal from an upward or downward departure from the guideline range that is established at sentencing." S.A. 81.

At sentencing, Bethel asked the court to decrease his offense level by one level for entering a plea of guilty pursuant to U.S.S.G. § 3E1.1(b)(2). The court denied this motion because Bethel failed to timely notify the government of his intention to plead guilty, causing the government to prepare for trial. The court then established the Offense Level at 18 and the Criminal History category at 5, which resulted in a guideline range of 51 to 63 months imprisonment. The district court then sentenced Bethel to 57 months imprisonment. This appeal followed.

## II.

We review legal conclusions in a denial of a motion to suppress *de novo* and factual determinations for clear error only. *United States v. Carter*, 300 F.3d 415, 421 (4th Cir. 2002). We review a waiver of a

---

[3]Judge J. Frederick Motz heard Bethel's motions, and Judge Herbert N. Maletz presided over the sentencing.

statutory right to appeal *de novo*. *United States v. Brown*, 232 F.3d 399, 402-03 (4th Cir. 2000); *United States v. Wiggins*, 905 F.2d 51, 53 (4th Cir. 1990).

### III.

Bethel asserts that 1) the officers did not have probable cause to arrest him; and 2) the district court erred in denying his request for a one level downward departure at sentencing.

### A.

Under Maryland law, "[a] police officer may arrest without a warrant a person for a violation of the Maryland Vehicle Law . . . if the person has committed or is committing the violation within the view or presence of the officer, and . . . the person does not furnish satisfactory evidence of identity." MD. CODE ANN., [Transp.] § 26-202(a)(2)(i). It is undisputed that 1) Officer Parker observed Bethel operating his vehicle in violation of MD. CODE ANN., [Transp.] § 21-1004 (2000), which states that a vehicle's right wheels must be within 12 inches from the [right] curb when stopped or parked on a one way street; and 2) that Officer Parker asked Bethel for identification and Bethel provided no documentation.

Bethel contends that by giving his name and address to the officers, along with the officers' recollection of the prior week's traffic stop, he provided satisfactory evidence of his identity. Bethel, to no avail, attempts to analogize his case to *State v. Benbow*, 587 A.2d 1110 (Md. 1991). In *Benbow*, the Court of Appeals of Maryland held that where the defendant violated the traffic code in the officer's presence and gave the officer his name and date of birth without providing a driver's license, the police had no authority to arrest him under § 26-202.

This case, however, is distinguishable from *Benbow* because Benbow's identity was never in question. *Id.* at 1115. In *Benbow*, the trooper accepted the defendant's statements of his identity as satisfactory evidence of his identity after entering the name and date of birth the defendant gave him into a Maryland and Virginia police database.

The database confirmed Benbow's identity. In this case, the officers did not enter Bethel's name into any database and therefore did not confirm his identity.

Bethel further asserts that the officers knew him because they had arrested him 18 months prior to this offense and stopped him one week prior to this offense. The record, however, does not establish that the officers *knew* his identity, only that they *recognized* him. Officer Parker testified, "I *recognized* him as the individual that approximately a week prior to this incident, I had pulled over." S.A. 18 (emphasis added).[4] Therefore, the record does not reflect that the officers were familiar enough with Bethel to know his identity.

Because Bethel could neither provide any documentation of his identity, nor prove that his identity was satisfactory to the police officers, the officers had the authority to arrest him.

### B.

Bethel next contends that the sentencing judge's refusal to depart downward in sentencing was clearly erroneous. However, Bethel waived his right to appeal issues regarding the establishment of the sentencing guideline in his plea agreement, which is what he now contests. He does not assert that his waiver was unknowing or involuntary. *See United States v. Brown*, 232 F.3d 399, 403 (4th Cir. 2000). Therefore, his waiver was valid, and he cannot appeal this issue.

### IV.

Accordingly, we affirm the judgment of the district court.

*AFFIRMED*

---

[4]Bethel did not have any identification in the prior incident.