PUBLISHED

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                     No. 99-4599

WILLIE EDWARD BROWN,
Defendant-Appellant.

Appeal from the United States District Court
for the District of North Carolina, at Raleigh.
Malcolm J. Howard, District Judge.
(CR-98-174)

Argued: September 26, 2000

Decided: November 16, 2000

Before WILKINSON, Chief Judge, and MOTZ and
KING, Circuit Judges.

_____

Dismissed by published opinion. Judge Motz wrote the opinion, in
which Chief Judge Wilkinson and Judge King joined.

_____

COUNSEL

**ARGUED:** Christopher Ford Cowan, COWAN, NORTH &
LAFRATTA, L.L.P., Richmond, Virginia, for Appellant. Anne Mar-
garet Hayes, Assistant United States Attorney, Raleigh, North Caro-
lina, for Appellee. **ON BRIEF:** Janice McKenzie Cole, United States
Attorney, Raleigh, North Carolina, for Appellee.

_____

**OPINION**

DIANA GRIBBON MOTZ, Circuit Judge:

Willie Edward Brown seeks to appeal the sentence imposed upon him pursuant to his guilty plea. Specifically, Brown seeks to challenge the district court's enhancement of his sentence based on his status as a career offender. The government has moved to dismiss on the ground that Brown waived his right to appeal his sentence in his plea agreement. In the alternative, the government argues that Brown was properly sentenced as a career offender. Because we conclude that Brown has waived his right to appeal, we dismiss the appeal.

I.

After Brown stabbed a man at the Fort Bragg Military Reservation with a Samurai-style sword, he pled guilty to a single count of assault with a dangerous weapon with intent to do bodily harm, in violation of 18 U.S.C. § 113(a)(3) (Supp. IV 1998). Brown and the government memorialized their plea agreement in a four-page document. Paragraph 2b of that agreement, which appears on the first page, contains a provision stating that Brown agrees:

> To waive knowingly and expressly the right to appeal whatever sentence is imposed on any ground, including any appeal pursuant to 18 U.S.C. § 3742, and further to waive any right to contest the conviction or the sentence in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

Paragraph 3b of the agreement, which appears on page three, provides in pertinent part that the "Defendant [Brown] understands . . . [t]hat sentencing will be in accordance with the United States Sentencing Guidelines, that any sentence imposed will be without parole, and that the Court may depart from those guidelines under some circumstances."

2

During the plea colloquy, the district court advised Brown of the consequences of pleading guilty and questioned Brown to ensure that the plea was both knowing and voluntary. Before accepting Brown's plea, the court also reviewed the contents of the plea agreement with him. As part of this process, the court advised Brown that he was waiving the right to appeal his sentence:

> The Court: Now, I have been handed a document entitled "Memoranda of Plea Agreement in your Case." It's got four pages, and it appears to have your signature and that of Mr. Parker and Mr. Bockin, the Special Assistant U. S. Attorney. And I ask you, did you have an opportunity to read and to discuss this plea agreement with your lawyer, Mr. Parker, before you signed it?
>
> Defendant: Yes, sir.
>
> The Court: And does this plea agreement represent in its entirety your agreements with the United States?
>
> Defendant: Yes, sir.
>
> The Court: Did you understand all the terms in this plea agreement, the language, even any legal phrases that were in here after you talked with Mr. Parker about it?
>
> Defendant: Yes, sir.
>
> The Court: Has anyone made any other or different promise to get you to plead guilty to this charge, other than what's written in this plea agreement?
>
> Defendant: No, sir.

3

The Court: Has anyone threatened you or tried to force you in any way to get you to plead guilty?

Defendant: No, sir.

The Court: Do you understand that this is a felony and you're going to lose certain valuable civil rights? You have to say "yes" or "no."

Defendant: Yes, sir.

The Court: And if I accept your plea today you cannot ever later withdraw your plea. Do you understand that?

Defendant: Yes, sir.

The Court: Have you answered all of my questions truthfully?

Defendant: Yes, sir.

The Court: Now, I point out to you paragraph 2-C. You agree to waive your rights -- correction, 2-B -- waive your right to appeal whatever sentence is imposed, reserving only the right to appeal based on prosecutorial misconduct or ineffective assistance of counsel. Do you understand that?

Defendant: Yes, sir.

The Court: In other words, you can't appeal as long as your sentence is in accordance with the law.

Defendant: Yes, sir.

The Court: All right. Do you need any more time to think about your plea or to talk with your lawyer, Mr. Parker, before you enter your plea?

4

Defendant: No, sir.

Based on this colloquy, the court determined that Brown was competent and capable of entering a voluntary plea, and that his plea of guilty, and the subsequent waiver of his right to appeal, was knowing and voluntary.

In a pre-sentence report, the probation officer designated Brown a career offender pursuant to U.S.S.G. § 4B1.1 on the basis of two prior felony convictions for crimes of violence, namely a North Carolina conviction for breaking and entering and a South Carolina conviction for assault and battery of a high and aggravated nature. Brown objected to his designation as a career offender on the ground that, under South Carolina law, assault and battery of a high and aggravated nature was neither a felony nor a violent crime. The district court rejected this argument and accepted the probation officer's designation of Brown as a career offender. Based on his career offender status, Brown's sentencing range was seventy-seven to ninety-six months. The district court imposed a sentence of ninety-six months, the maximum allowed under the Sentencing Guidelines.

Brown now appeals his designation as a career offender, and his resulting sentence, on the same ground that he raised in the district court, as well as on new ground, namely that the first predicate offense, breaking and entering, was insufficient to trigger career offender status because it was not a felony conviction and because Brown was only sixteen at the time of his conviction. The government moves to dismiss Brown's appeal, asserting that he waived his right to appeal in his plea agreement.[1]

II.

The Constitution does not provide criminal defendants an appeal as a matter of right. <u>See Jones v. Barnes</u>, 463 U.S. 745, 751 (1983). The United States Code, however, permits a criminal defendant to appeal

_____

[1] Alternatively, the government contends that we should affirm because the district court properly sentenced Brown as a career offender. Because we dismiss the appeal, we do not consider the underlying issue as to whether the district court properly applied the Sentencing Guidelines.

5

a sentence imposed "as a result of an incorrect application of the Sentencing Guidelines." 18 U.S.C. § 3742(a)(2) (1994). A defendant can, of course, waive this statutory right to appeal. See United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). Whether he has effectively done so is a matter of law that we review de novo.

We have considered the effectiveness of a plea agreement appeal waiver in two cases, United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992), and United States v. Bowden, 975 F.2d 1080 (4th Cir. 1992). These cases establish that, with two exceptions, a defendant may not appeal his sentence if his plea agreement contains an express and unqualified waiver of the right to appeal, unless that waiver was unknowing or involuntary. An express knowing waiver will not bar appeal of a sentence when the sentence was (1) imposed in excess of the maximum penalty provided by law or (2) based on a constitutionally impermissible factor such as race. See Marin, 961 F.2d at 496. The sentences at issue in Marin and Bowden involved neither of these exceptions, nor are these exceptions at issue here.

In Marin, we held that because the plea agreement contained an express and unqualified waiver of the defendant's right to appeal his sentence and the record did not indicate that the waiver was anything less than knowing and voluntary, the waiver was valid. See Marin, 961 F.2d at 494-96 & n.1. Although Marin claimed that the district court misapplied the Guidelines in computing his sentence, we concluded that this type of claim was waived by the applicable provision in the plea agreement.[2] We reasoned:

_____

[2] The plea agreement in Marin stated, in pertinent part:

> Defendant, HERBERT JOHN MARIN, is aware that in some counts of the Criminal Information sentence will be imposed in conformity with the Federal Sentencing Guidelines and Policy Statement. . . . In addition, Defendant, knowing that he has a right of direct appeal of the sentence under 18 U.S.C. § 3742(a) and the grounds listed therein, expressly waives the right to appeal his sentence on those grounds or on any ground . . . . Defendant, HERBERT JOHN MARIN, is also aware that his sentence has not yet been determined by the Court. Defendant is aware that any estimate of probable sentencing range that he may have received from his counsel, the United States, or the proba-

6

> [A] defendant could not be said to have waived his right to appellate review of a sentence imposed in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race. However, the sentence that Marin seeks to appeal is not such a sentence. Assuming the district court committed the errors that Marin alleges, his complaints at most rest on an improper application of the guidelines and a violation of a procedural rule.

Id. at 496. Thus, because we concluded that the plea agreement contained an express waiver of Marin's right to appeal, which was knowing and voluntary, it precluded an appeal based on the claim that the district court misapplied the Guidelines.

In Bowden, however, we considered a plea agreement with a differently worded appeal waiver and determined that it did not bar the defendant from challenging the district court's application of the Guidelines. See Bowden, 975 F.2d at 1081 n.1. In that case, the plea agreement stated that the defendant "waives any appeal . . . if the sentence imposed herein is within the guidelines." Id. After being sentenced, Bowden sought to appeal his designation as an armed career criminal under 18 U.S.C. § 924(e) as "not within the guidelines." Id. (internal quotations omitted). We concluded that "a fair reading" of the waiver provision in the plea agreement "preserve[d] Bowden's right to challenge the district court's application of the Guidelines and the armed career criminal enhancement of § 924(e)." Id. Accordingly, we refused to find that Bowden had waived his right to appeal on this ground.

Brown contends that his appeal falls within the ambit of Bowden, and, therefore, the waiver does not bar his appeal. Brown maintains

_____

> tion office is a prediction, not a promise, and is not binding on the United States, the probation office, or the Court. Realizing the uncertainty in estimating what sentence he will ultimately receive, Defendant knowingly waives his right to appeal the sentence in exchange for the concessions made by the United States in this agreement.

Marin, 961 F.2d at 494 n.1.

7

that his plea agreement appeal waiver was predicated upon the condition that he be sentenced according to a proper application of the Guidelines and, thus, he can appeal on the ground that his sentence did not accord with the Guidelines. Despite Brown's protestations to the contrary, this case is controlled by our ruling in Marin. The plea agreement here contains an express, unqualified waiver of the right to appeal "whatever sentence is imposed," which the district court accepted only after thoroughly examining Brown as to his knowledge of its terms and the voluntariness of his agreement. Such a waiver precludes a claim that the given sentence resulted from a misapplication of the Guidelines.

Brown largely bases his contrary contention on language in paragraph 3b of his plea agreement, which states that "[t]he Defendant understands . . . [t]hat sentencing will be in accordance with the United States Sentencing Guidelines." Relying on this language, Brown argues that "[a]s a condition precedent to the waiver of his appeal rights [his] sentence must be based upon a proper application of the sentencing guidelines." The fundamental flaw in this argument is that Brown's plea agreement, unlike Bowden's, did not "condition" waiver of his appeal rights "on a proper application of the guidelines." While Bowden's plea agreement provided that the defendant agreed to "waive[ ] any appeal . . . _if_ the sentence imposed . . . [wa]s within the guidelines," Bowden, 975 F.2d at 1081 n.1 (emphasis added), Brown agreed to waive the right to appeal "whatever sentence is imposed on any ground, including any appeal pursuant to 18 U.S.C. § 3742." (emphasis added). Section 3742 provides for "review of an otherwise final sentence if the sentence . . . was imposed as a result of an incorrect application of the sentencing guidelines." 18 U.S.C. § 3742(a)(2) (emphasis added). Thus, rather than making his waiver contingent on a sentence proper under the Guidelines, Brown expressly waived his right to appeal "whatever sentence" the court imposed, "including" one based on an asserted "incorrect application" of the Guidelines.

Brown's acknowledgment in paragraph 3b of the plea agreement that he "underst[oo]d" that sentencing would be "in accordance with the . . . Guidelines" does not change or qualify his unconditional waiver of his right to appeal "any sentence . . . imposed on any ground." A common sense reading of paragraph 3b indicates that its

8

purpose is merely to inform Brown that his sentence will be calculated using the Sentencing Guidelines. The paragraph does not, in any way, condition the waiver of Brown's right to appeal on a proper application of the Guidelines, as the plea in <u>Bowden</u> did. To read paragraph 3b in the manner proposed by Brown would be to render the unqualified waiver in paragraph 2b meaningless.

We note that the Ninth Circuit rejected an identical argument in <u>United States v. Bolinger</u>, 940 F.2d 478, 480 (9th Cir. 1991). In that case, as here, the plea agreement contained a provision stating that the defendant waived any right to appeal his sentence under 18 U.S.C. § 3742. <u>See Bolinger</u>, 940 F.2d at 479. The parties also agreed, however, that the district court could "depart upward or downward under the sentencing guidelines" but could not impose a sentence exceeding 36 months. <u>Id.</u> After the district court imposed a sentence of 36 months, Bolinger sought to appeal on the ground that the court's application of the Guidelines was illegal. Like Brown, Bolinger claimed that his waiver was ineffective because his plea agreement specified that he would be sentenced "under the guidelines." <u>Id.</u> at 480. The <u>Bolinger</u> court rejected that argument, reasoning that "[t]he plain meaning of the plea agreement is that Bolinger waived his right to appeal the sentence . . . unless he received a term of incarceration in excess of 36 months." <u>Id.</u> The court explained that "focusing exclusively on the `under the guidelines' language, ignores the plain meaning of the plea agreement and fails to account adequately for the express waiver of the section 3742 appeal right." <u>Id.</u> at 480 n.1. These words are equally applicable here. <u>See also United States v. Yemitan</u>, 70 F.3d 746, 748 (2d Cir. 1995) (holding that if an express appeal waiver "does not preclude a challenge to the sentence as unlawful, then the covenant not to appeal becomes meaningless").

Nor, contrary to Brown's suggestion, does the district court's statement during the plea colloquy, "[i]n other words, you can't appeal as long as your sentence is in accordance with the law," support Brown's contention that his waiver was conditioned upon a proper application of the Guidelines. Such an argument is only possible if the district court's remark is taken out of context. Read in the context of the plea colloquy as a whole, the district court's statement clearly refers to the two exceptions to the waiver listed in the plea agreement, namely ineffective assistance of counsel and prosecutorial misconduct:

9

The Court: Now, I point out to you paragraph 2-C. You agree to waive your rights -- correction, 2-B -- waive your right to appeal whatever sentence is imposed, reserving only the right to appeal based on prosecutorial misconduct or ineffective assistance of counsel. Do you understand that?

Defendant: Yes, sir.

The Court: <u>In other words</u>, you can't appeal as long as your sentence is in accordance with the law.

Defendant: Yes, sir.

(Emphasis added). Thus, the district court carefully directed Brown's attention to the precise paragraph in the plea agreement in which he waived his right to appeal "whatever sentence is imposed," reserving only an appeal based on "prosecutorial misconduct or ineffective assistance," asked Brown if he understood the waiver, and then repeated the waiver's scope "in other words" to be sure Brown understood it.

During this colloquy, the district court did not state that the waiver would allow appeals asserting misapplications of the Guidelines. Moreover, the waiver provision that the district court referred Brown to in the colloquy clearly provides that it <u>precludes</u> appeals under 18 U.S.C. § 3742 (the statute otherwise permitting appeals challenging misapplications of the Guidelines). If we were to adopt Brown's interpretation of the district court's remark, we would have to read the express reference to § 3742 out of the plea agreement. Clearly, the district judge did not intend his statement to render meaningless the very language he sought to explain to Brown. Thus, Brown's reliance on the district court's remark during the plea colloquy is misplaced.

It is certainly true that the plea agreement in this case was not artfully drafted. The appeal waiver, for example, excepted appeals based on ineffective assistance of counsel or prosecutorial misconduct, but failed to state that the waiver did not preclude an appeal of a sentence

10

in excess of the statutory maximum or based on an unconstitutional factor, like race. In this regard, the waiver was inconsistent with our precedent. See Marin, 961 F.2d at 496. Although we are troubled by this defect and trust that the government will strive to draft more complete agreements in the future, the deficiencies in this plea agreement are not fatal to the validity of the waiver.

They are not fatal because the plea agreement stated in plain language that Brown waived the right to appeal "whatever sentence [was] imposed . . . including" an appeal pursuant to § 3742. Brown's colloquy with the district court clearly reveals that Brown's plea, including the waiver of his right to appeal, was knowing and voluntary. Indeed, Brown indicated to the district court that he understood all the legal terms in the plea agreement after they had been explained to him by his counsel.[3] Even on appeal, Brown makes no claim that his attorney failed to explain the legal terms or consequences of each provision of his plea agreement. This is particularly relevant because although the appeal waiver did not expressly state that it governed appeals of sentences calculated using the Sentencing Guidelines, it did expressly state that it applied to any appeal pursuant to 18 U.S.C. § 3742.

Nor is the result we reach here inequitable. Rather, it simply holds Brown to his bargain. As the Ninth Circuit noted in similar circumstances:

> Unlike a defendant who is sentenced after trial, a defendant who enters a plea bargain has some control over the terms of his sentence. If a defendant wants to ensure that he is sentenced in strict accordance with the guidelines, he can refuse to waive his right to appeal as a condition of the plea.

Bolinger, 940 F.2d at 480 n.1.

_____

[3] The Court: Did you understand all the terms in this plea agreement, the language, even any legal phrases that were in here after you talked with Mr. Parker about it?

Defendant: Yes, sir.

11

Given the explicit nature of the waiver in the plea agreement, its specific mention of § 3742, and the thorough plea colloquy conducted by the district court, we can only conclude that the waiver effectively precludes this appeal. Accordingly, the appeal is

DISMISSED.

12