**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.                                                  No. 01-4287

EDWIN J. "TOMMY" HAYES,
    *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert E. Payne, District Judge.
(CR-00-242)

Submitted: December 7, 2001

Decided: February 15, 2002

Before WIDENER, WILKINS, and LUTTIG, Circuit Judges.

---

Affirmed in part and dismissed in part by unpublished per curiam opinion.

---

## COUNSEL

Keith N. Hurley, HURLEY & KOORT, P.L.C., Richmond, Virginia, for Appellant. Paul J. McNulty, United States Attorney, John S. Davis, Assistant United States Attorney, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Edwin J. "Tommy" Hayes pled guilty to obstruction of proceedings before the Environmental Protection Agency and Federal Bureau of Investigation, in violation of 18 U.S.C.A. § 1505 (West 2000), and the district court sentenced Hayes to a twelve-month-and-one-day term of imprisonment. Hayes appeals, challenging the district court's upward departure at sentencing and the validity of his guilty plea. We affirm in part and dismiss in part.

In his plea agreement, Hayes waived the right to appeal his sentence on any ground whatsoever. The district court accepted Hayes' guilty plea at a hearing conducted in accordance with Rule 11 of the Federal Rules of Criminal Procedure. We have reviewed Hayes' plea agreement and the Rule 11 colloquy and find that Hayes made a knowing and intelligent waiver of his right to appeal the district court's upward departure at sentencing. *See United States v. Brown*, 232 F.3d 399, 402-03 (4th Cir. 2000) (providing standard). We therefore dismiss this portion of the appeal.

Hayes also challenges the validity of his guilty plea on the ground that he did not voluntarily waive his right to a jury trial because the district court, by upwardly departing, rejected the terms of the plea agreement and did not allow him to receive the benefit of his bargain. Contrary to Hayes' assertion that the plea agreement was a Rule 11(e)(1)(C) type agreement which is binding on the court once accepted by the court, our review of the agreement leads us to conclude that the agreement falls within the purview of Rule 11(e)(1)(B) because the government agreed to "recommend that the defendant be sentenced at the lower end of the applicable guideline range." (JA 10) *See United States v. Ewing*, 957 F.2d 115, 118 (4th Cir. 1992) ("[T]he government's promise to recommend a sentence at the low end of the applicable Guideline range was of the 11(e)(1)(B) type."). Because

Hayes' plea agreement is a Rule 11(e)(1)(B) agreement, it was not binding on the district court, and the court did not violate the terms of the agreement by departing upward at sentencing. We therefore find that Hayes is not entitled to relief on this claim.

Accordingly, we affirm in part and dismiss in part. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART AND DISMISSED IN PART*