**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
         *Plaintiff-Appellee,*

v.

DEAN JULIUS WALSH, a/k/a Hippo,
a/k/a Dean Julious Walsh,
         *Defendant-Appellant.*

No. 01-4657

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Richard L. Voorhees, District Judge.
(CR-98-123-V)

Submitted: December 21, 2001

Decided: May 14, 2002

Before WILKINS, TRAXLER, and KING, Circuit Judges.

---

Vacated and remanded by unpublished per curiam opinion.

---

**COUNSEL**

Thomas M. Dawson, Leavenworth, Kansas; Lyle J. Yurko, Graham
T. Stiles, YURKO & OWENS, P.A., Charlotte, North Carolina, for
Appellant. Ronald J. Conrad, Jr., United States Attorney, Gretchen C.
F. Shappert, Assistant United States Attorney, Charlotte, North Caro-
lina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Dean Julius Walsh appeals the 120-month sentence imposed following his guilty plea to a one-count indictment charging him with conspiracy to possess with intent to distribute cocaine, cocaine base, and marijuana in violation of 21 U.S.C.A. §§ 841(a)(1), 846 (West 1999 & Supp. 2001).[1] For the reasons discussed below, we vacate Walsh's sentence and remand to the district court for imposition of a new sentence not to exceed sixty months.

Walsh pleaded guilty to his role in a large-scale marijuana and cocaine distribution conspiracy centered in Wilkes County, North Carolina. The indictment, which included Walsh's co-conspirators, did not specify a quantity of controlled substances. As the Government correctly notes, Walsh's plea agreement provided that Walsh waived his right to appeal his conviction and sentence. After an amended criminal judgment was entered to enable Walsh to note a timely appeal, he appealed to this Court.

In this appeal, Walsh contends that the district court erred in imposing sentence because the quantity of marijuana employed to calculate his sentence was not treated as an element of the offense. Under the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), drug quantity must be treated as an element of an aggravated drug trafficking offense and be alleged in the indictment and submitted to the jury to allow a charge and conviction under 21 U.S.C. § 841(b)(1)(A), § 841(b)(1)(B), or in the case of marijuana,

---

[1]Although the district court's judgment states that Walsh was convicted of conspiracy to possess with intent to distribute quantities of cocaine and cocaine base, Walsh's plea agreement, presentence report, and factual basis all demonstrate that Walsh was involved only with distribution of marijuana.

§ 841(b)(1)(C). *United States v. Promise*, 255 F.3d 150, 152 (4th Cir. 2001) (en banc). Because no specific drug quantity was charged in the indictment or submitted to a jury, the maximum term of imprisonment that may be imposed upon Walsh for his marijuana offense is sixty months under § 841(b)(1)(D). *See id.* at 156-57.

The Government urges this court to enforce the waiver provision contained in Walsh's plea agreement. However, a waiver of appellate rights does not bar review of a sentence imposed in excess of the statutory maximum. *United States v. Brown*, 232 399, 403 (4th Cir. 2000). Because neither the indictment nor the plea agreement made a specific allegation or finding regarding drug quantity, the district court exceeded the sixty-month statutory maximum provided in § 841(b)(1)(D) by imposing a sentence of 120 months. Accordingly, we find that Walsh's waiver of appellate review does not prevent this court from noticing the error.

In light of the foregoing, Walsh's sentence is plain error that this Court will notice and correct. *See United States v. Olano*, 507 U.S. 725, 731-32 (1993). Walsh's sentence is hereby vacated and this cause remanded to the district court for imposition of a sentence not to exceed the statutory maximum set out in 21 U.S.C. § 841(b)(1)(D).[2] The Government's motion to strike Walsh's brief is denied. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

[2]In light of this holding, we decline to consider the merits of Walsh's claim of ineffective assistance of counsel in this direct appeal. *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997).