**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　　*Plaintiff-Appellee,*

v.

RONY JOSEPH, a/k/a Joseph Rony,
a/k/a Castro,
　　　　　　　*Defendant-Appellant.*

No. 01-4665

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
James C. Fox, Senior District Judge.
(CR-00-118)

Submitted: June 11, 2002

Decided: June 28, 2002

Before NIEMEYER, TRAXLER, and GREGORY, Circuit Judges.

---

Dismissed in part and affirmed in part by unpublished per curiam opinion.

---

**COUNSEL**

Robert J. McAfee, MCCOTTER, MCAFEE & ASHTON, P.L.L.C., New Bern, North Carolina, for Appellant. J. Frank Bradsher, Kenneth Fitzgerald Whitted, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Rony Joseph pled guilty pursuant to a plea agreement to conspiracy to possess with intent to distribute at least fifty grams of cocaine base, in violation of 21 U.S.C.A. § 846 (West 1999). He was sentenced to 300 months imprisonment, to be followed by five years of supervised release.

The plea agreement contained a waiver of appellate review, excepting the right to appeal from an upward departure from the guideline range. Nevertheless, Joseph noted an appeal and raises two issues: (1) the district court erred by denying Joseph a sentence reduction under *U.S. Sentencing Guidelines Manual* § 3E1.1 (2000); and (2) counsel rendered constitutionally ineffective assistance. The Government now moves to dismiss the appeal in part and for summary affirmance in part. Joseph opposes the motion.

A waiver of appeal provision in a valid plea agreement is enforceable if it resulted from a knowing and intelligent decision to forgo an appeal. *United States v. Attar*, 38 F.3d 727, 731 (4th Cir. 1994); *United States v. Wiggins*, 905 F.2d 51, 53 (4th Cir. 1990). This Court reviews de novo the validity of a waiver. *United States v. Brown*, 232 F.3d 399, 402-03 (4th Cir. 2000). Joseph does not assert that his waiver was not knowing and intelligent; rather, he argues that the district court's refusal to grant a downward departure is equivalent to making an upward departure from the guideline range, and thus is not included in the waiver. This argument is patently without merit. The district court imposed a sentence within the guideline range; the court's refusal to depart downward does not amount to an upward departure. Therefore, we grant the Government's motion to dismiss this claim as waived.

Joseph also argues that counsel rendered ineffective assistance. To succeed on a claim of ineffective assistance of counsel, a defendant

must show that his counsel's performance fell below an objective standard of reasonableness and that counsel's deficient performance was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Claims of ineffective assistance of counsel are generally not cognizable on appeal. *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). Such claims must ordinarily be pursued in a motion under 28 U.S.C.A. § 2255 (West Supp. 2001), to allow for adequate development of the record. *United States v. Hoyle*, 33 F.3d 415, 418 (4th Cir. 1994). An exception to this rule applies when the record on direct appeal conclusively establishes that the defendant did not receive constitutionally sufficient assistance of counsel. *King*, 119 F.3d at 295. The record in this case does not conclusively establish that Joseph received constitutionally inadequate counsel. Therefore, this claim must be raised in a § 2255 motion.

We grant the Government's motion to dismiss in part and to summarily affirm Joseph's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED IN PART; AFFIRMED IN PART*