UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

MARICKA WANTA CORPENING, a/k/a
Maricha Wanta Corpening, a/k/a
Mark,
          *Defendant-Appellant.*

No. 02-4161

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Richard L. Voorhees, District Judge.
(CR-00-47-V)

Submitted: September 19, 2002

Decided: September 30, 2002

Before WILKINS, LUTTIG, and TRAXLER, Circuit Judges.

Dismissed by unpublished per curiam opinion.

## COUNSEL

James S. Weidner, Jr., LAW OFFICE OF JAMES S. WEIDNER, JR.,
Charlotte, North Carolina, for Appellant. Gretchen C. F. Shappert,
OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Maricka Wanta Corpening pled guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine and five grams or more of crack in violation of 21 U.S.C. §§ 846, 841(b)(1)(A) (2000), and was sentenced to a term of 262 months imprisonment. In his plea agreement, Corpening waived his right to appeal his sentence on any grounds except ineffective assistance of counsel or prosecutorial misconduct. Corpening now seeks to appeal his sentence, arguing that the district court erred in refusing to depart below the guideline range based on substantial assistance, *U.S. Sentencing Guidelines Manual* § 5K1.1, p.s. (2001), despite the government's failure to move for a substantial assistance departure. Finding that Corpening knowingly waived his right to appeal his sentence, we dismiss the appeal.

It is well established that "a defendant may not appeal his sentence if his plea agreement contains an express and unqualified waiver of the right to appeal, unless that waiver was unknowing or involuntary." *United States v. Brown*, 232 F.3d 399, 402 (4th Cir. 2000). Corpening does not allege that his waiver was unknowing or involuntary. To the extent that he may intend to raise the issue of prosecutorial misconduct, we find nothing in the record that would support such a claim.

We therefore dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*