**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                                  No. 02-4404

REGINALD LUCAS,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CR-01-205)

Submitted: March 25, 2003

Decided: April 23, 2003

Before NIEMEYER, KING, and GREGORY, Circuit Judges.

Dismissed by unpublished per curiam opinion.

## COUNSEL

Vaughan S. Winborne, Jr., Raleigh, North Carolina, for Appellant. John Eric Evenson, II, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Reginald Wayne Lucas pleaded guilty to one count of conspiracy to possess with intent to distribute more than fifty grams of crack cocaine, in violation of 21 U.S.C. § 846 (2000). He was sentenced to 120 months in prison. Lucas now appeals. Counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal. Lucas has filed a pro se supplemental brief. We dismiss the appeal.

In his pro se brief, Lucas contends that the district court should have sentenced him to less than the ten-year statutory minimum to which he was subject. *See* 21 U.S.C. § 841(b)(1)(A) (2000). This sentence was twenty years less than the maximum guideline sentence (360 months) to which Lucas was exposed.

Lucas pleaded guilty pursuant to a plea agreement in which he waived his right to appeal his sentence. Lucas reserved the right to appeal from an upward departure from his guideline range and to raise claims of ineffective assistance of counsel and prosecutorial misconduct. At the Fed. R. Crim. P. 11 colloquy, Lucas informed the court, when asked, that he understood this waiver.

"[A] waiver-of-appeal-rights provision in a valid plea agreement is enforceable against the defendant so long as it is 'the result of a knowing and intelligent decision to forego an appeal.'" *United States v. Attar*, 38 F.3d 727, 731 (4th Cir. 1994) (quoting *United States v. Wessells*, 936 F.2d 165, 167 (4th Cir. 1991)). We review de novo the validity of a waiver. *United States v. Brown*, 232 F.3d 399, 402-03 (4th Cir. 2000).

After examining the record, we conclude that Lucas knowingly and voluntarily pleaded guilty pursuant to the written plea agreement. By pleading guilty, Lucas validly waived his right to appeal, except in circumstances not present in this case. We therefore dismiss the appeal.

As required by *Anders*, we have independently reviewed the record in this case and find no meritorious issues for appeal. We therefore dismiss the appeal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy of the motion was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*