Vacated by Supreme Court, January 24, 2005

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 03-4523**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ONE MALE JUVENILE,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Bryson City.  Lacy H. Thornburg, District Judge.  (CR-01-4)

———————

Submitted:  June 18, 2004                    Decided:  July 9, 2004

———————

Before WIDENER, SHEDD, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Reita P. Pendry, Charlotte, North Carolina, for Appellant.  Robert J. Conrad, Jr., United States Attorney, Charlotte, North Carolina, Thomas R. Ascik, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

One Male Juvenile ("1MJ") appeals his three-year sentence to run consecutively with a state sentence he was then serving in Florida following his guilty plea to one count of wire fraud, in violation of 18 U.S.C. § 1343 (2000). 1MJ's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967). Although counsel states there are no meritorious issues for appeal, she challenges the district court's imposition of the sentence for the wire fraud offense to run consecutively with the state sentence 1MJ was already serving. The Government filed a responding brief. Although advised of his right to file a pro se supplemental brief, 1MJ has not done so. In accordance with Anders, we have considered the briefs and examined the entire record for meritorious issues. Finding no error, we affirm.

We find that 1MJ waived his right to appeal his conviction and sentence either directly or in post-conviction proceedings, with the exception of claims of ineffective assistance of counsel and prosecutorial misconduct. It is well-settled that a defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C. § 3742 (2000), as long as it is the result of a knowing and intelligent decision to forego the right to appeal. United States v. Wessells, 936 F.2d 165 (4th Cir. 1991). Generally, if the district court fully questions the defendant regarding the waiver of his right to appeal during the Fed. R.

Crim. P. 11 colloquy, the waiver is both valid and enforceable. Id. at 167-68. We review de novo the validity of a waiver. United States v. Brown, 232 F.3d 399, 402-03 (4th Cir. 2000).

A review of the transcript of the guilty plea hearing reveals that the magistrate judge* fully complied with Rule 11 in accepting 1MJ's guilty plea. The magistrate judge advised 1MJ of the elements of the offense to which he was pleading guilty and concluded he understood them. The judge also thoroughly apprised 1MJ of the rights he was waiving by pleading guilty and the possible sentence he faced. Importantly, the magistrate judge specifically asked 1MJ whether he understood that pursuant to the plea agreement he was waiving his appellate and post-conviction rights, except in relation to claims of ineffective assistance of counsel and prosecutorial misconduct. 1MJ acknowledged his understanding and noted that he knowingly and willingly accepted this limitation. The magistrate judge further ascertained that 1MJ was entering his plea voluntarily and that he was satisfied with the services of counsel. For these reasons, we find 1MJ's waiver was knowing and intelligent. Accordingly, he may not appeal his sentence.

In accordance with Anders, we have reviewed the entire record in this case, including the Rule 11 and sentencing

*The parties expressly consented to administration of the guilty plea hearing by a magistrate judge.

transcripts, and have found no meritorious issues for appeal. We therefore affirm 1MJ's sentence. This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court to withdraw from representation at that time. Counsel's motion must state that a copy thereof was served on 1MJ.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED