**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 04-4156**

—————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOSE AMADOR OCHOA-PUGA,

Defendant - Appellant.

—————————

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Lacy H. Thornburg, District Judge. (CR-00-5)

—————————

Submitted: September 17, 2004      Decided: October 27, 2004

—————————

Before WILLIAMS, TRAXLER, and KING, Circuit Judges.

—————————

Dismissed by unpublished per curiam opinion.

—————————

Eric J. Foster, LAW OFFICE OF RICK FOSTER, Asheville, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Richard L. Edwards, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Jose Amador Ochoa-Puga pled guilty to conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846 (2000), and the district court sentenced him to a 180-month term of imprisonment. Ochoa-Puga appeals his conviction on the ground that he did not understand the consequences of his guilty plea and thus his plea was unknowing and involuntary. The Government contends that Ochoa-Puga validly waived the right to appeal his conviction in the plea agreement. We agree with the Government and dismiss the appeal.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Brown, 232 F.3d 399, 402-03 (4th Cir. 2000); United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991); United States v. Wiggins, 905 F.2d 51, 53-54 (4th Cir. 1990). We review de novo the question of whether a defendant validly waived his right to appeal. United States v. General, 278 F.3d 389, 399 (4th Cir. 2002).

Our review of the plea agreement and the Rule 11 hearing leads us to conclude that Ochoa-Puga knowingly and voluntarily pled guilty pursuant to the written plea agreement, including the waiver

of his right to appeal.  Accordingly, we dismiss the appeal.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED