**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4559

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SISTO SAENZ,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Newport News.   Raymond A. Jackson,
District Judge. (CR-04-23)

Submitted:  June 23, 2005          Decided:  June 28, 2005

Before WIDENER, MICHAEL, and TRAXLER, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Timothy V. Anderson, ANDERSON GOOD, P.C., Virginia Beach, Virginia,
for Appellant.  Paul J. McNulty, United States Attorney, Alexandria
Virginia; Eric M. Hurt, Assistant United States Attorney, Newport
News, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Pursuant to a plea agreement, Sisto Saenz pled guilty to possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841 (2000). The district court sentenced Saenz to 126 months imprisonment. Under the terms of his plea agreement, Saenz waived the right to appeal his conviction and sentence. He now seeks to appeal his sentence, challenging his career offender status and asserting that his appeal waiver was not knowing and voluntary. For the reasons below, we dismiss the appeal.

A defendant may waive the right to appeal if that waiver is knowing and voluntary. United States v. Brown, 232 F.3d 399, 402-03 (4th Cir. 2000); United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995). To determine whether a waiver is knowing and voluntary, this court examines the background, experience, and conduct of the defendant, as well as the defendant's familiarity with the plea agreement. United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal citation omitted). If the district court fully questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver generally is valid and enforceable. United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991); United States v. Wiggins, 905 F.2d 51, 53-54 (4th Cir. 1990).

The transcript of Saenz's guilty plea hearing reveals that the district court adequately questioned Saenz about his understanding of the waiver provision and that his waiver was knowingly and intelligently made. Saenz's argument that his appeal waiver could not have been knowingly and intelligently made because he entered his plea agreement before the Supreme Court issued its decision in Blakely v. Washington, 124 S. Ct. 2531 (2004), is foreclosed by this court's decision in United States v. Blick, ___F.3d ___, ___, 2005 WL 1252617, at *7 (4th Cir. May 27, 2005) (rejecting claim that defendant could not knowingly waive appellate rights under United States v. Booker, 125 S. Ct. 738 (2005) where defendant entered plea agreement pre-Booker).

We, therefore, dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED