**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4844**

———————

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

DENNIS BRADLEY SUTTON,

                              Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.  Malcolm J. Howard, District Judge. (CR-04-34)

———————

Submitted:  August 19, 2005      Decided:  September 30, 2005

———————

Before MICHAEL, MOTZ, and SHEDD, Circuit Judges.

———————

Dismissed by unpublished per curiam opinion.

———————

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Windy C. Venable, Writing and Research Attorney, Raleigh, North Carolina, for Appellant.  Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Dennis Bradley Sutton pled guilty to possession of stolen firearms, in violation of 18 U.S.C. § 922(j) (2000), and possession of seven firearms by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000), and the district court sentenced him to concurrent terms of forty months of imprisonment. Citing Blakely v. Washington, 542 U.S. 296 (2004), Sutton appeals his sentence and contends that it violates the Sixth Amendment. The Government asserts that Sutton validly waived the right to appeal his sentence in the plea agreement. We agree with the Government and dismiss the appeal.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Brown, 232 F.3d 399, 402-03 (4th Cir. 2000). To determine whether a waiver is knowing and intelligent, we examine "the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks and citation omitted). We review de novo the question of whether a defendant validly waived his right to appeal. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

Our review of the plea agreement and the hearing conducted pursuant to Fed. R. Crim. P. 11 leads us to conclude that

Sutton knowingly and voluntarily waived his right to appeal. <u>See</u> <u>General</u>, 278 F.3d at 400-01; <u>see also</u> <u>Blick</u>, 408 F.3d at 169-73 (holding that plea agreement waiver of right to appeal that district court accepted prior to the Supreme Court's decision in <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), was not invalidated by change in law effected by that decision). Moreover, Sutton's Sixth Amendment claim falls within the scope of the waiver. <u>See</u> <u>Blick</u>, 408 F.3d at 169 n.7 (concluding that "the [Supreme] Court's use of the term 'statutory maximum' in <u>Blakely</u> and <u>Booker</u> does not alter the meaning of the language in the appeal waiver").

Accordingly, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>