**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

No. 05-4059

———————————

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

CRAIG LAMONT MYERS,

                                    Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of Maryland, at Greenbelt.  Peter J. Messitte, District Judge.  (CR-03-484-PJM)

———————————

Submitted:  October 21, 2005        Decided:  November 14, 2005

———————————

Before NIEMEYER and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————————

Dismissed by unpublished per curiam opinion.

———————————

Richard A. Finci, HOULON, BERMAN, BERGMAN, FINCI & LEVENSTEIN, Greenbelt, Maryland, for Appellant.  Rod J. Rosenstein, United States Attorney, Mythili Raman, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Craig Lamont Myers pled guilty to conspiracy to distribute cocaine base, in violation of 21 U.S.C. § 846 (2000), and the district court sentenced him to 210 months' imprisonment. Myers appeals, contending that his sentence, which was imposed under the then-mandatory federal sentencing guidelines, violates United States v. Booker, 125 S. Ct. 738 (2005). The Government asserts that Myers validly waived the right to appeal his sentence in the plea agreement. We agree with the Government and dismiss the appeal.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Brown, 232 F.3d 399, 402-03 (4th Cir. 2000). To determine whether a waiver is knowing and intelligent, we examine "the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks and citation omitted). We review de novo the question of whether a defendant validly waived his right to appeal. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

Our review of the plea agreement and the hearing conducted pursuant to Fed. R. Crim. P. 11 leads us to conclude that Myers knowingly and voluntarily waived his right to appeal.

See <u>General</u>, 278 F.3d at 400-01; <u>see also</u> <u>Blick</u>, 408 F.3d at 169-73 (holding that a plea agreement containing a waiver of the right to appeal, which was accepted by district court prior to the Supreme Court's decision in <u>Booker</u>, was not invalidated by change in law effected by that decision). Moreover, Myers' claim under <u>Booker</u> falls within the scope of the waiver. <u>See</u> <u>Blick</u>, 408 F.3d at 170 (holding <u>Booker</u> claim is covered by appellate waiver).

Accordingly, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>