**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4743**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KEITH RONELL TILLMAN,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  James A. Beaty, Jr., District Judge.  (CR-03-444)

Submitted: May 18, 2006                    Decided: May 25, 2006

Before WIDENER and WILKINSON, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Christopher C. Fialko, RUDOLF, WIDENHOUSE & FIALKO, Charlotte, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Randall S. Galyon, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Pursuant to a plea agreement, Keith Ronell Tillman pled guilty to possession with intent to distribute cocaine base ("crack"), in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) (2000), and possession of a firearm by a person previously convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2000). The district court sentenced Tillman to a total term of 144 months imprisonment. He now seeks to appeal the district court's ruling on his motion to suppress and the use of a prior conviction in determining his sentence. The Government asserts that, in his plea agreement, Tillman validly waived the right to appeal his conviction and sentence. We agree with the Government and dismiss the appeal.

In his plea agreement, Tillman "waive[d] the right to appeal the conviction and whatever sentence is imposed on any ground." A defendant may waive the right to appeal if that waiver is knowing and intelligent. See United States v. Blick, 408 F.3d 162, 169-73 (4th Cir. 2005); United States v. Brown, 232 F.3d 399, 402-03 (4th Cir. 2000). Tillman does not challenge the validity of his plea or the voluntariness of his appeal waiver. Rather, he challenges his sentence and the denial of his motion to suppress. These issues fall squarely within the waiver. Accordingly, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the

materials before the Court and argument would not aid the decisional process.

DISMISSED