**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-4771**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

EUGENE ALFRED CONTEE,

Defendant - Appellant.

---

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Roger W. Titus, District Judge. (8:05-cr-00255-RWT)

---

Submitted: July 24, 2007          Decided: July 26, 2007

---

Before WILKINSON, TRAXLER, and DUNCAN, Circuit Judges.

---

Dismissed by unpublished per curiam opinion.

---

Douglas James Wood, ROBERTS & WOOD, Riverdale, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Jonathan C. Su, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eugene Alfred Contee pled guilty to distribution of fifty grams or more of cocaine base (crack), 21 U.S.C.A. § 841(a)(1), (b)(1)(A) (West 1999 & Supp. 2007), and was sentenced to a term of 168 months' imprisonment. Under the terms of his plea agreement, Contee stipulated that he was a career offender, and waived "any right to appeal from any sentence within or below the advisory guidelines range resulting from an adjusted offense level of 34 . . . ." At sentencing, the district court determined that the adjusted offense level was 34, then departed downward to offense level 30 for substantial assistance on the government's motion.[*] The resulting guideline range was 168-210 months. Our review of the record discloses that Contee was advised about the waiver provision at the guilty plea hearing, and that his waiver was knowing and voluntary. See United States v. Brown, 232 F.3d 399, 402 (4th Cir. 2000).

We therefore dismiss the appeal for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[*]The court declined to depart downward further because of mitigating factors argued by defense counsel or on the ground that criminal history category VI over-represented Contee's criminal history.