**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 07-4471**

─────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

PHILIP B. GREER,

Defendant - Appellant.

─────────

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Lacy H. Thornburg, District Judge. (1:01-cr-00045; 3:01-cr-00011-3)

─────────

Submitted: November 30, 2007        Decided: December 28, 2007

─────────

Before TRAXLER, KING, and GREGORY, Circuit Judges.

─────────

Dismissed by unpublished per curiam opinion.

─────────

Glenn L. Cavanagh, CAVANAGH & ASSOCIATES, P.C., Clark, New Jersey, for Appellant. Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Philip B. Greer pled guilty pursuant to a plea agreement to one count of embezzlement and securities fraud, in violation of 7 U.S.C.A. §§ 13(a)(2), 60(1) (West 1999 & Supp. 2007) and 18 U.S.C. § 2 (2000), one count of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371 (2000), one count of conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956(h), 2 (West 2000 & Supp. 2007), and four counts of money laundering. In his plea agreement, Greer agreed to waive his right to appeal the convictions or sentence in a direct appeal or in a post-conviction proceeding except for claims of ineffective assistance of counsel or prosecutorial misconduct. Despite his appeal waiver, Greer raises several issues. The Government seeks enforcement of the appeal waiver. We dismiss the appeal.

We review the validity of a waiver of appellate rights de novo. United States v. Brown, 232 F.3d 399, 403 (4th Cir. 2000). If the waiver is valid and the issue appealed is covered by the waiver, and, as here, the Government relies upon the waiver, the court will uphold it. United States v. Blick, 408 F.3d 162, 168-69 (4th Cir. 2005). A waiver is valid if the defendant's agreement to the waiver was knowing and voluntary. United States v. Wessells, 936 F.2d 165, 167 (4th Cir. 1991). Generally, if a district court fully questions a defendant regarding the waiver of appellate

rights during the Fed. R. Crim. P. 11 colloquy, the waiver is valid.  Id. at 167-68.

Here, the magistrate judge conducted a thorough Rule 11 colloquy.  The magistrate judge specifically discussed the appeal waiver provision, and Greer indicated he understood it.  Greer agreed to waive appellate review of his sentence and conviction except for issues concerning ineffective assistance of counsel and prosecutorial misconduct.  We conclude Greer's appeal waiver was knowing and voluntary.  We further find the Government is not estopped from seeking enforcement of the waiver.

Insofar as Greer is attempting to frame his appellate issues as being the result of ineffective assistance of counsel, the claims are not cognizable on direct appeal.  United States v. King, 119 F.3d 290, 295 (4th Cir. 1997).  Rather, to allow for adequate development of the record, a defendant must bring his claim in a 28 U.S.C. § 2255 (2000) motion.  Id.; United States v. Hoyle, 33 F.3d 415, 418 (4th Cir. 1994).  An exception exists where the record conclusively establishes ineffective assistance.  United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir.), cert. denied, 546 U.S. 1203 (2006).  We find the record does not conclusively establish ineffective assistance of counsel.  We also find Greer's claims do not fall into "the narrow class of claims" a defendant may raise on appeal despite an enforceable appeal waiver.  See United States v. Lemaster, 403 F.3d 216, 220 n.2 (4th Cir. 2005).

Accordingly, because of the appeal waiver, we dismiss the appeal.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED