**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-5154

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KEITH MICHAEL LUCKERSON,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., Chief District Judge.  (3:06-cr-00008)

Argued:  February 1, 2008          Decided:  February 29, 2008

Before MOTZ, KING, and GREGORY, Circuit Judges.

Dismissed by unpublished opinion.  Judge Gregory wrote the opinion, in which Judge Motz and Judge King joined.

**ARGUED:**  James Stephens Weidner, Jr., Charlotte, North Carolina, for Appellant.  Amy Elizabeth Ray, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.  **ON BRIEF:** Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

GREGORY, Circuit Judge:

On January 24, 2006, the Appellant, Keith Michael Luckerson ("Luckerson"), was indicted for possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1) ("Count One") and possession with intent to distribute marijuana in violation of 21 U.S.C. § 841 ("Count Two"). Subsequently, Luckerson and the Government signed a plea agreement in which Luckerson pled guilty to Count One in exchange for the Government's agreement to dismiss Count Two. The plea agreement included a series of stipulations related to Luckerson's offense level along with a provision waiving ("waiver provision") Luckerson's right to appeal his sentence.

The waiver provision contained three exceptions that would allow Luckerson to appeal his sentence. At Luckerson's sentencing, the district court applied a non-stipulated four-level enhancement pursuant to United States Sentencing Guideline (U.S.S.G.) § 2K2.1(b)(5)(2005)[1]. Luckerson appeals the district court's decision to apply the non-stipulated enhancement, and contends that our review is proper because it falls within one of the plea agreement's three exceptions. After a thorough review of the record, we dismiss Luckerson's appeal.

---

[1]"If the defendant used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense, increase by 4 levels..."

I.

On July 5, 2005, as Luckerson was driving from Houston to New York, a North Carolina police officer pulled him over for speeding. After Luckerson consented to a search of his vehicle, the police officer looked in the vehicle's trunk and discovered seven unloaded new pistols, several boxes of ammunition, and marijuana. As a result, on January 24, 2006, Luckerson was indicted for possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1) and possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a). Luckerson eventually entered into a plea agreement with the Government in which he pled guilty to the gun possession charge, and the Government agreed to drop the marijuana possession charge.

Paragraph 7 of the plea agreement contained several stipulations relating to the calculation of Luckerson's offense level under the sentencing guidelines including: Luckerson's base offense level (20), his eligibility for a two-level enhancement because of the multiple firearms involved in the crime[2], and his opportunity to obtain a three-level reduction based on acceptance of responsibility and the timeliness with which Luckerson notified the Government of his intent to plead guilty or provided information to the Government about his involvement in this crime. (J.A. 10-11.) Though the plea agreement did not contain a

_____

[2]U.S.S.G. § 2K2.1(b)(1)(A)(2005).

3

stipulation setting out Luckerson's final offense level, based on the stipulations in the plea agreement, Luckerson's final offense level would have been 19.

The United States Probation Office submitted a Pre-Sentencing Report (PSR) to the district court in which it recommended a sentence consistent with the stipulations in paragraph 7; however, the PSR also recommended an additional four-level enhancement because Luckerson possessed the firearms in connection with another felony offense - i.e., drug trafficking. U.S.S.G. § 2K2.1 (b)(5)(2005). With this four-level enhancement, the PSR calculated Luckerson's offense level to be 23, resulting in a sentencing guideline range of 51-63 months.[3]

On October 30, 2006, Luckerson's sentencing hearing took place. During the hearing, Luckerson objected to the four-level enhancement, contending that simply because both the firearms and marijuana were located in the trunk of his vehicle did not necessarily indicate a connection between the two items; in fact, Luckerson claimed that their close proximity was merely fortuitous. While conceding that the issue was "close" (J.A. 54), the district court overruled Luckerson's objection to the four-level enhancement, and sentenced him to 51 months imprisonment, a two-year term of supervised release, and a $100.00 special monetary

---

[3]Without the four-level enhancement, Luckerson's sentencing guideline range would have been 33-41 months.

assessment fee. Luckerson appeals the reasonableness of the district court's decision to apply the four-level enhancement. Prior to reviewing the substance of Luckerson's contentions, we must determine whether the plea agreement precludes Luckerson's appeal.

## II.

We review whether Luckerson has waived his right to appeal de novo. See, e.g., United States v. Brown, 232 F.3d 399, 402-03 (4th Cir. 2000). The parties disagree over whether the plea agreement's waiver provision bars Luckerson from appealing his sentence. The interpretation of a plea agreement is guided by the law of contracts. United States v. Chase, 466 F.3d 310, 314 (4th Cir. 2006). The waiver provision states, in part:

> . . .[Luckerson] waives all such rights to contest the conviction and/or sentence except for. . . . (3)the sentence, but only to the extent defendant contests the sentence on the basis that one or more findings on guideline issues **were inconsistent** with the explicit stipulations contained in any paragraph in the plea agreement filed herein, or on the basis of an unanticipated issue that arises during the sentencing hearing and which the District Judge finds and certifies to be of such an unusual nature as to require review by the Fourth Circuit of Appeals.

(J.A. 13)(emphasis added). During the sentencing hearing, Luckerson's attorney asked the district court to certify the issue of whether the four-level enhancement was appropriate to us. The district court refused, holding that the issue was not unusual

5

since the parties clearly anticipated it, and in fact filed briefs on the issue. Thus, the viability of Luckerson's appeal depends on whether the district court's decision to apply the non-stipulated four-level enhancement is "inconsistent with the explicit stipulations" in paragraph 7 of the plea agreement.

There is no doubt that the four-level enhancement applied by the district court was not stipulated to by the parties. Nevertheless, no provision in the plea agreement precluded the district court from adopting additional applicable non-stipulated sentencing enhancements. Most importantly, however, the four-level enhancement for using a firearm in connection with another felony was clearly not **inconsistent** with the explicit stipulations in the plea agreement. To the contrary, the four-level enhancement was perfectly consistent with all of the stipulations in paragraph 7 including the enhancement Luckerson received for possession of multiple firearms.

## III.

Because we find that the plea agreement precludes Luckerson's appeal of the district court's sentence, we dismiss his appeal.

DISMISSED