UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

ALEJANDRO GUERRERO LOPEZ,
*Defendant-Appellant.*

No. 02-4832

Appeal from the United States District Court
for the Western District of Virginia, at Harrisonburg.
James H. Michael, Jr., Senior District Judge.
(CR-01-30003)

Submitted: May 22, 2003

Decided: June 17, 2003

Before LUTTIG, NIEMEYER, and KING, Circuit Judges.

---

Dismissed by unpublished per curiam opinion.

---

## COUNSEL

David L. Parker, DAVID L. PARKER, P.C., Harrisonburg, Virginia, for Appellant. John L. Brownlee, United States Attorney, William F. Gould, Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Alejandro Guerrero Lopez pled guilty pursuant to a plea agreement to conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine. Lopez signed a written plea agreement in which he agreed to waive the right to appeal any sentence imposed except for an upward departure from the Sentencing Guidelines. A waiver-of-appeal provision in a valid plea agreement is enforceable if it results from a knowing and intelligent decision to forego an appeal. *United States v. Wiggins*, 905 F.2d 51, 53 (4th Cir. 1990). A waiver is ineffective if the district court fails to question the defendant about it, *United States v. Wessells*, 936 F.2d 165, 167-68 (4th Cir. 1991), unless other evidence in the record shows that the waiver was informed and voluntary. *United States v. Davis*, 954 F.2d 182, 186 (4th Cir. 1992). We review de novo the validity of a waiver. *United States v. Brown*, 232 F.3d 399, 402-03 (4th Cir. 2000).

Here, Lopez signed the plea agreement, agreeing to waive the right to challenge his sentence with the stated exception. At his plea hearing, the district court reviewed the plea agreement with Lopez. In response to the court's inquiry, Lopez agreed that he expressly waived his right to appeal his sentence. On this record, we find that Lopez's waiver was knowingly and intelligently made.

Accordingly, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*