**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

       *Plaintiff-Appellee,*

v.

CURTIS ELWOOD ELLIS,

       *Defendant-Appellant.*

No. 02-4933

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
James C. Fox, Senior District Judge.
(CA-02-49-FO)

Submitted: June 19, 2003

Decided: June 25, 2003

Before NIEMEYER, KING, and GREGORY, Circuit Judges.

---

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

---

### COUNSEL

Geoffrey W. Hosford, HOSFORD & HOSFORD, P.L.L.C., Wilmington, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Christine Witcover Dean, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Curtis Elwood Ellis pled guilty to possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2000), pursuant to a plea agreement in which he waived his right to appeal his sentence. Ellis was sentenced to a term of 110 months imprisonment. He now appeals his conviction and sentence. We affirm Ellis' conviction and dismiss the challenge to his sentence.

Ellis alleges that the district court plainly erred in failing to dismiss the indictment on the ground that § 922 no longer has a sufficient nexus with interstate commerce in light of the Supreme Court's decisions in *United States v. Lopez*, 514 U.S. 549 (1995), *United States v. Morrison*, 529 U.S. 598 (2000), and *Jones v. United States*, 529 U.S. 848 (2000). His argument is foreclosed by our decision in *United States v. Gallimore*, 247 F.3d 134, 138 (4th Cir. 2001) (holding that *Morrison* and *Jones* do not affect our decisions regarding the constitutionality of § 922(g)), and *United States v. Wells*, 98 F.3d 808, 810-11 (4th Cir. 1996) (holding that the jurisdictional requirement of § 922(g) satisfied Commerce Clause).

Ellis next argues that the district court erred in applying a four-level enhancement pursuant to *U.S. Sentencing Guidelines Manual* § 2K2.1(b)(5) (2002) for possession of a firearm in connection with another felony offense. In his plea agreement, Ellis waived his right to appeal "whatever sentence is imposed, including any issues that relate to the establishment of the Guideline range," reserving only the right to appeal from an upward departure. A defendant may waive the right to appeal if that waiver is knowing and voluntary. *United States v. Brown*, 232 F.3d 399, 402-03 (4th Cir. 2000). Ellis does not contend that his waiver was unknowing or involuntary, and our review of the guilty plea hearing leads us to conclude that it was voluntary. Thus, the claim of sentencing error may not be raised on appeal.

We therefore affirm the conviction. We dismiss that portion of the appeal which seeks to challenge the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART, DISMISSED IN PART*