**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 04-4408**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

NIXON PLAISIR, a/k/a Big Man, a/k/a Troy,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg.   James C. Turk, Senior District Judge.  (CR-02-98)

———————————

Submitted:  July 14, 2005            Decided:  July 21, 2005

———————————

Before WILKINSON, LUTTIG, and MOTZ, Circuit Judges.

———————————

Dismissed by unpublished per curiam opinion.

———————————

Roland M. L. Santos, Harrisonburg, Virginia, for Appellant. John L. Brownlee, United States Attorney, Roanoke, Virginia; Timothy J. Heaphy, Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Pursuant to a plea agreement, Nixon Plaisir pled guilty to conspiracy to distribute and possess with intent to distribute fifty grams or more of crack cocaine and five kilograms or more of powder cocaine. The district court sentenced him to 168 months of incarceration. Under the terms of his plea agreement, Plaisir agreed not to appeal "any Sentencing Guidelines factors or the Court's application of the Sentencing Guidelines factors to the facts of my case. I am knowingly and voluntarily waiving any right to appeal Sentencing Guideline factors." (J.A. 48). Plaisir now seeks to appeal his sentence, challenging the district court's finding at sentencing that he was responsible for 1.5 kilograms of crack.[*] Plaisir's attorney asserts that his plea was "void" because it was not knowing and voluntary. For the reasons below, we dismiss the appeal.

A defendant may waive the right to appeal if that waiver is knowing and voluntary. United States v. Brown, 232 F.3d 399, 402-03 (4th Cir. 2000); United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995). To determine whether a waiver is knowing and voluntary, this court examines the background, experience, and conduct of the defendant, as well as the defendant's familiarity with the plea agreement. United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal citation

_____

[*]We grant Plaisir's motion to file a supplemental brief.

- 2 -

omitted).  If the district court fully questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is usually both valid and enforceable.  United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991); United States v. Wiggins, 905 F.2d 51, 53-54 (4th Cir. 1990).

The transcript of Plaisir's guilty plea hearing reveals that the district court adequately questioned him about his understanding of the waiver provision and that his waiver was knowingly and intelligently made.  Plaisir's argument that his appeal waiver could not have been knowing and intelligent because he entered his plea agreement before the Supreme Court issued its decision in United States v. Blakely, 524 U.S. 296 (2004), is foreclosed by this court's decision in United States v. Blick, 408 F.3d 162, 170 (4th Cir. 2005).  Plaisir's claim that he was held accountable for more than the fifty grams of crack to which he pled guilty is precluded by his waiver of this issue in his plea agreement where, as here, the United States seeks enforcement of the waiver, there is no claim that the Government breached its obligations under the plea agreement, and the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver.  Id. at 168-70.

We therefore dismiss the appeal.  We dispense with oral argument because the facts and legal contentions are adequately

presented in the materials before the court and argument would not aid the decisional process.

DISMISSED