**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

No. 04-4977

—————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOSEPH CLIFTON MILLER,

Defendant - Appellant.

—————————

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Lacy H. Thornburg, District Judge. (CR-04-42)

—————————

Submitted: June 22, 2005      Decided: August 9, 2005

—————————

Before MICHAEL, KING, and DUNCAN, Circuit Judges.

—————————

Dismissed by unpublished per curiam opinion.

—————————

William E. Loose, WILLIAM E. LOOSE ATTORNEY AT LAW, P.A., Asheville, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Thomas R. Ascik, Amy E. Ray, Assistant United States Attorneys, Asheville, North Carolina, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Joseph Clifton Miller seeks to appeal the eighteen-month sentence he received after he pled guilty before a magistrate judge to making and counterfeiting $100 Federal Reserve Notes and aiding and abetting, 18 U.S.C.A. §§ 471, 2 (West 2000 & Supp. 2005). For the reasons explained below, we dismiss the appeal.

Miller's plea agreement contained the following waiver of his right to appeal his sentence:

> Defendant and defendant's counsel warrant that they have discussed: (1) defendant's rights pursuant to 18 U.S.C. § 3742, 28 U.S.C. § 2255, and similar authorities to contest a conviction and/or sentence through an appeal or post-conviction [proceeding] after entering into a plea agreement; (2) whether or not there are potential issues which might be relevant to an appeal or post-conviction action; and (3) the possible impact of any such issue on the desirability to the defendant of entering into this plea agreement.
>
> Defendant, in exchange for the concessions made by the United States in this plea agreement, waives all such rights to contest the conviction and/or the sentence except for: (1) claims of ineffective assistance of counsel; (2) prosecutorial misconduct; or (3) the sentence, but only to the extent defendant contests the sentence that one or more findingson [sic] guideline issues were inconsistent with the explicit stipulations contained in any paragraph in the plea agreement filed herein, or on the basis of an unanticipated issue that arises during the sentencing hearing and which the District Judge finds and certifies to be of such an unusual nature as to require review by the Fourth Circuit Court of Appeals.

This court reviews the validity of a waiver de novo. United States v. Brown, 232 F.3d 399, 403 (4th Cir. 2000), and will uphold a waiver of appellate rights if the waiver is valid and the

issue being appealed is within the scope of the waiver.  United States v. Attar, 38 F.3d 727, 731-33 (4th Cir. 1994).  A waiver is valid if the defendant's agreement to the waiver was knowing and voluntary.  United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992); United States v. Wessells, 936 F.2d 165, 167 (4th Cir. 1991).  Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable.  Wessells, 936 F.2d at 167-68.

Here, the Rule 11 Inquiry form reveals that the magistrate judge conducted a thorough Rule 11 inquiry and specifically questioned Miller about whether he understood that he was waiving his appellate rights.  Miller answered that he did. The record reveals that the magistrate judge adequately questioned Miller about his understanding of the waiver provision.  We conclude that the waiver was knowingly and intelligently made. Moreover, in accordance with United States v. Blick, 408 F.3d 162, 170-73 (4th Cir. 2005), Miller's waiver of his right to appeal, which was accepted prior to the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005), is not invalidated by the change in the law effected by that decision.

We therefore dismiss the appeal.  We dispense with oral argument because the facts and legal contentions are adequately

presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>
