UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

———————————

No. 04-4603
(CR-02-158-L)

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RYAN PATRICK GRIMES,

Defendant - Appellant.

———————————

O R D E R

———————————

The court amends its opinion filed August 3, 2005, as follows:

On Page 2, line 1 is amended to read "Ryan Patrick Grimes seeks to appeal the 130-month."

For the Court

/s/ Patricia S. Connor
_____
Clerk

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4603**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RYAN PATRICK GRIMES,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of Maryland, at Baltimore.  Benson Everett Legg, Chief District Judge. (CR-02-158-L)

———————

Submitted:  June 22, 2005          Decided:  August 3, 2005

———————

Before LUTTIG, TRAXLER, and SHEDD, Circuit Judges.

———————

Dismissed by unpublished per curiam opinion.

———————

Michael Wein, Greenbelt, Maryland, for Appellant.  Allen F. Loucks, United States Attorney, Christopher J. Romano, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Ryan Patrick Grimes seeks to appeal the 130-month sentence he received after he pled guilty to one count of bank robbery, 18 U.S.C. § 2113(a), (f) (2000). Grimes argues that resentencing is required under United States v. Booker, 125 S. Ct. 738 (2005), and also seeks to challenge the extent of the district court's downward departure for substantial assistance. For the reasons explained below, we dismiss the appeal.

Under the terms of his plea agreement, Grimes waived the right to appeal his sentence. Grimes' plea agreement contained the following waiver of his right to appeal his sentence:

> [Grimes] and the United States knowingly and expressly waive all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed, including any issues that relate to the establishment of the guideline range, reserving only the right to appeal from an upward or downward departure from the guideline range that is established at sentencing. Nothing in this agreement shall be construed to prevent either your client or the United States from invoking the provisions of Federal Rule of Criminal Procedure 35, and appealing from any decision thereunder, should a sentence be imposed that exceeds the statutory maximum allowed under the law or that is less than any applicable statutory minimum mandatory provision.

This court reviews the validity of a waiver de novo. United States v. Brown, 232 F.3d 399, 403 (4th Cir. 2000), and will uphold a waiver of appellate rights if the waiver is valid and the issue being appealed is within the scope of the waiver. United States v. Attar, 38 F.3d 727, 731-33 (4th Cir. 1994). A waiver is valid if the defendant's agreement to the waiver was knowing and

voluntary.  United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992); United States v. Wessells, 936 F.2d 165, 167 (4th Cir. 1991).  Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable.  Wessells, 936 F.2d at 167-68.

Here, the record reveals that the district court conducted a thorough Rule 11 inquiry and specifically questioned Grimes about whether he understood that he was waiving his appellate rights.  Grimes answered that he did.  The record reveals that the court questioned Grimes about his understanding of the waiver provision.  At a later hearing to resolve an issue unrelated to the waiver, Grimes was given an opportunity to withdraw his guilty plea and repudiate the plea agreement.  Instead, he reaffirmed his desire to plead guilty pursuant to the plea agreement.

We conclude that Grimes' waiver was knowingly and intelligently made.  Moreover, we recently held that a valid waiver of the right to appeal contained in a plea agreement that was accepted before the Supreme Court's decision in Booker was not invalidated by the change in the law effected by Booker.  United States v. Blick, 408 F.3d 162, 170-73 (4th Cir. 2005).

We therefore dismiss the appeal.  We dispense with oral argument because the facts and legal contentions are adequately

presented in the materials before the court and argument would not aid the decisional process.

DISMISSED