<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 04-4630**

─────────────

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

JERMAINE R. WOODBURY,

                                    Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of Maryland, at Greenbelt.  Alexander Williams, Jr., District Judge. (CR-03-501-AW)

─────────────

Argued:  March 17, 2006                  Decided:  May 17, 2006

─────────────

Before NIEMEYER, LUTTIG,[1] and KING, Circuit Judges.

─────────────

Dismissed by unpublished per curiam opinion.

─────────────

**ARGUED:** Michael Alan Wein, Greenbelt, Maryland, for Appellant. Barbara Suzanne Skalla, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.  **ON BRIEF:** Allen F. Loucks, United States Attorney, Baltimore, Maryland, Deborah A. Johnston, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

───────────────

[1]Judge Luttig heard oral argument in this case but resigned from the court prior to the time the decision was filed.  The decision is filed by a quorum of the panel pursuant to 28 U.S.C. § 46(d).

_____

Unpublished opinions are not binding precedent in this circuit.  See Local Rule 36(c).

PER CURIAM:

Jermaine R. Woodbury pleaded guilty, pursuant to a plea agreement, to distribution of 50 grams or more of cocaine base (crack), in violation of 21 U.S.C. § 841(a), and the district court sentenced him as a career offender to a term of 151 months imprisonment.[2] The court also imposed an alternative discretionary sentence of 151 months imprisonment under 18 U.S.C. § 3553(a), taking the Sentencing Guidelines as advisory. Under the terms of his plea agreement, Woodbury waived his right to "appeal whatever sentence was imposed, including any issues that relate to the establishment of the guideline range, reserving only the right to appeal from an upward or downward departure from the guideline range that is established at sentencing." He also reserved the right to appeal a sentence that exceeded the maximum term provided by statute.

Despite the waiver, Woodbury now seeks to appeal his career offender status, arguing that the waiver is not enforceable in light of the Supreme Court's subsequent decision in Shepard v. United States, 544 U.S. 13 (2005) (holding that Apprendi[3] exception for fact of a prior conviction limits sentencing court to charging

_____

[2]The district court departed downward from the Sentencing Guidelines range of 262-327 months under U.S.S.G. § 4A1.3, p.s. (2003) (departure for overstated criminal history), and U.S.S.G. § 5K1.1, p.s. (departure for substantial assistance).

[3]Apprendi v. New Jersey, 530 U.S. 466, 490 (2000).

document, plea agreement and colloquy, statutory definition, or defendant's admissions to determine a disputed fact about a prior conviction). We dismiss the appeal.

We review the validity of a waiver de novo, United States v. Brown, 232 F.3d 399, 403 (4th Cir. 2000), and will uphold a waiver of appellate rights if the waiver is valid and the issue being appealed is within the scope of the waiver. United States v. Attar, 38 F.3d 727, 731-33 (4th Cir. 1994). A waiver is valid if the defendant's agreement to the waiver was knowing and voluntary. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992); United States v. Wessells, 936 F.2d 165, 167 (4th Cir. 1991). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the colloquy under Federal Rule of Criminal Procedure 11, the waiver is both valid and enforceable. Wessells, 936 F.2d at 167-68. In United States v. Blick, 408 F.3d 162 (4th Cir. 2005), a case involving a waiver virtually indistinguishable from the waiver in this case, we held that a waiver of the right to appeal contained in a plea agreement that was accepted before the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), was not invalidated by the change in the law effected by Booker because the waiver was valid and the issue raised was within the scope of the waiver. Blick, 408 F.3d at 172-73.

Here, the record reveals that the district court conducted a thorough Rule 11 inquiry and specifically questioned Woodbury about whether he understood that he was waiving his appellate rights. Despite Woodbury's limited education and intellectual ability, the record reveals that he was able to understand the consequences of the waiver. We conclude that the waiver is valid.

Woodbury contends that his waiver of appeal rights is not enforceable, first, because he did not agree to a sentence that he views, post-Shepard, as an incorrect, unconstitutional, and illegal application of the Sentencing Guidelines and the "Career Offender Statute."[4] He also contends that certain provisions of his plea agreement preclude a valid waiver of the district court's determination that he is a career offender. Finally, he contends that the waiver does not preclude a challenge to his sentence on constitutional grounds, citing Attar, 38 F.3d at 732.

Woodbury's arguments are foreclosed by Blick, which rejected the defendant's claim that he could not have knowingly waived his rights under Booker before it was decided. Blick, 408 F.3d at 170-71. Like the defendant in Blick, Woodbury was sentenced under the pre-Booker and pre-Shepard guidelines, exactly as contemplated in his plea agreement. Blick, 408 F.3d at 172-73. In Blick, we

---

[4]Woodbury is referring to 28 U.S.C. § 994(h), which directs the Sentencing Commission to assure that the guidelines specify a sentence at or near the maximum authorized prison term for adults who commit a third felony drug offense or violent crime.

distinguished the defendant's situation from the one presented in Attar and United States v. Broughton-Jones, 71 F.3d 1143 (4th Cir. 1995), where "the errors allegedly committed by the district courts were errors that the defendants could not have reasonably contemplated when the plea agreements were executed." Blick, 408 F.3d at 172.

Woodbury agreed to forego his right to appeal the district court's determination of his career offender status, agreed to give up his right to appeal "whatever sentence is imposed, including any issues that relate to the establishment of the guideline range," and reserved only the right to appeal a departure or a sentence that exceeded the statutory maximum. Woodbury's claim that the district court erred in sentencing him as a career offender falls squarely within the scope of his waiver.

Accordingly, we dismiss the appeal.

DISMISSED