**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Richard P. JACKMAN, Defendant–**
**Appellant.**

**No. 07–4660.**

United States Court of Appeals,
Fourth Circuit.

Submitted: Feb. 27, 2008.

Decided: March 11, 2008.

---

**2.** Fuller neither objected to a joint trial nor requested a severance.

James Wyda, Federal Public Defender, Paresh S. Patel, Staff Attorney, Daniel W. Stiller, Assistant Federal Public Defender, Greenbelt, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Michele W. Sartori, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

Before TRAXLER and GREGORY, Circuit Judges, and WILKINS, Senior Circuit Judge.

Dismissed by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Appellant Richard P. Jackman contends the district court erred in limiting his access to computers as a special condition of supervised release. Because Jackman entered into a valid waiver of his appellate rights that explicitly covered supervised release, we dismiss the appeal.

Jackman pleaded guilty to one count of transporting child pornography, in violation of 18 U.S.C. § 2252A(a)(1) (2000). In his plea agreement, Jackman agreed to "knowingly and expressly waive all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed, including any fine, term of supervised release, or order of restitution." The waiver provision contained two explicit exceptions: Jackman retained the right to appeal an upward departure or variance from the guidelines range, and the right to appeal a sentence above the statutory maximum.

The court imposed a sentence of 180 months' imprisonment and a twenty-five year term of supervised release. As a special condition of supervised release, the court ordered that Jackman have limited access to computers, as follows:

he [is] prohibited from possessing or using any kind of computers, except with the permission of the probation officer. I will authorize the use of a computer in connection with authorized employment. But, if he uses a computer, either with the permission of the probation officer, or in connection with authorized employment, he will be required to consent to the installation on any such computer of computer monitoring software.

Jackman contends this condition of supervised release is invalid because it imposes a greater deprivation of liberty than necessary, vests the probation officer with complete discretion, and is insufficiently narrowly tailored. The Government responds that the special condition of supervised release is reasonable and valid and Jackman's appeal is barred by his appellate waiver.*

This court reviews the validity of a waiver de novo, *United States v. Brown,* 232 F.3d 399, 402–03 (4th Cir.2000), and will uphold a waiver of appellate rights if the waiver is valid and the issue being appealed is covered by the waiver. *United States v. Blick,* 408 F.3d 162, 168 (4th Cir.2005). A waiver is valid if the defendant's agreement to the waiver was knowing and voluntary. *United States v. Marin,* 961 F.2d 493, 496 (4th Cir.1992); *United States v. Wessells,* 936 F.2d 165, 167 (4th Cir.1991). Generally, if a district court fully questions a defendant regarding his waiver of appellate rights during

* Jackman has not responded to the Government's contentions that he knowingly waived his right to appeal and the conditions of supervised release are encompassed by the waiver.

the Fed.R.Crim.P. 11 colloquy, the waiver is valid. *Wessells,* 936 F.2d at 167–68.

In this case, the district court thoroughly reviewed the appeal waiver during the Rule 11 colloquy. Jackman acknowledged that he understood that, apart from the two exceptions outlined in the plea agreement, he waived his right to appeal. Thus, Jackman's agreement to the waiver was knowing and voluntary.

The agreement provided that Jackman "knowingly and expressly waive[d] all rights conferred by 18 U.S.C. Section 3742 to appeal whatever sentence is imposed, including any fine, term of supervised release, or order of restitution." Because the waiver in the plea agreement precludes consideration of the claims he seeks to raise on appeal, we dismiss Jackman's appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED.*