CORRECTED OPINION

UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

No. 07-4660

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RICHARD P. JACKMAN,

Defendant - Appellant.

---

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Roger W. Titus, District Judge. (8:07-cr-00041-RWT)

---

Submitted: February 27, 2008        Decided: March 11, 2008

Corrected Opinion Filed: May 20, 2008

---

Before TRAXLER and GREGORY, Circuit Judges, and WILKINS, Senior Circuit Judge.

---

Dismissed by unpublished per curiam opinion.

---

James Wyda, Federal Public Defender, Paresh S. Patel, Staff Attorney, Daniel W. Stiller, Assistant Federal Public Defender, Greenbelt, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Michele W. Sartori, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Appellant Richard P. Jackman contends the district court erred in limiting his access to computers as a special condition of supervised release. Because Jackman entered into a valid waiver of his appellate rights that explicitly covered supervised release, we dismiss the appeal.

Jackman pleaded guilty to one count of transporting child pornography, in violation of 18 U.S.C. § 2252A(a)(1) (2000). In his plea agreement, Jackman agreed to "knowingly and expressly waive all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed, including any fine, term of supervised release, or order of restitution." The waiver provision contained two explicit exceptions: Jackman retained the right to appeal an upward departure or variance from the guidelines range, and the right to appeal a sentence above the statutory maximum.

The court imposed a sentence of 180 months' imprisonment and a twenty-five year term of supervised release. As a special condition of supervised release, the court ordered that Jackman have limited access to computers, as follows:

> he [is] prohibited from possessing or using any kind of computers, except with the permission of the probation officer. I will authorize the use of a computer in connection with authorized employment. But, if he uses a computer, either with the permission of the probation officer, or in connection with authorized employment, he will be required to consent to the installation on any such computer of computer monitoring software.

Jackman contends this condition of supervised release is invalid because it imposes a greater deprivation of liberty than necessary, vests the probation officer with complete discretion, and is insufficiently narrowly tailored. The Government responds that the special condition of supervised release is reasonable and valid and Jackman's appeal is barred by his appellate waiver.

This court reviews the validity of a waiver de novo, United States v. Brown, 232 F.3d 399, 402-03 (4th Cir. 2000), and will uphold a waiver of appellate rights if the waiver is valid and the issue being appealed is covered by the waiver. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). A waiver is valid if the defendant's agreement to the waiver was knowing and voluntary. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992); United States v. Wessells, 936 F.2d 165, 167 (4th Cir. 1991). Generally, if a district court fully questions a defendant regarding his waiver of appellate rights during the Fed. R. Crim. P. 11 colloquy, the waiver is valid. Wessells, 936 F.2d at 167-68.

In this case, the district court thoroughly reviewed the appeal waiver during the Rule 11 colloquy. Jackman acknowledged that he understood that, apart from the two exceptions outlined in the plea agreement, he waived his right to appeal. Thus, Jackman's agreement to the waiver was knowing and voluntary.

The agreement provided that Jackman "knowingly and expressly waive[d] all rights conferred by 18 U.S.C. § 3742 to

4

appeal whatever sentence is imposed, including any fine, term of supervised release, or order of restitution." Because the waiver in the plea agreement precludes consideration of the claims he seeks to raise on appeal, we dismiss Jackman's appeal.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[*]Jackman contends that the conditions of supervised release are not encompassed by the appeal waiver because he waived the right to appeal his sentence only insofar as it resulted from a base offense level of thirty-three. We reject this argument. Jackman ignores the broad waiver of appellate rights contained in the first sentence of the appeal waiver and relies on language following that waiver that merely explains the exception to the waiver allowing him to appeal an upward departure from the advisory guidelines range.