

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-3-2009

# USA v. Montgomery

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2490

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Montgomery" (2009). *2009 Decisions*. Paper 1793.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1793

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-2490

UNITED STATES OF AMERICA

v.

ARNOLD MONTGOMERY,
                                        Appellant

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 05-cr-00598-8)
District Court: Honorable Michael M. Baylson

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 12, 2008

Before: McKee, Smith, and Roth, Circuit Judges.

Opinion filed: (March 3, 2009)

OPINION

McKEE, Circuit Judge.

Pursuant to a written plea agreement, Arnold Montgomery pled guilty to one count

of conspiracy to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846,

and one count of aiding and abetting the distribution of cocaine, in violation of 18 U.S.C.

§ 2. Montgomery appeals the sentence of 87 months' imprisonment and the $5,000 fine that was imposed, arguing that both resulted from incorrect interpretations of the United States Sentencing Guidelines. Because we conclude that Montgomery knowingly and intelligently tendered a valid waiver of his right to appeal his sentence in his plea agreement, we will affirm.

## I.

We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291. *See United States v. Gwinnett*, 483 F.3d 200, 203 (3d Cir. 2007). Nonetheless we have explained that "we will not exercise that jurisdiction to review the merits of [a defendant's] appeal if we conclude that [the defendant] knowingly and voluntarily waived h[is] right to appeal unless the result would work a miscarriage of justice." *Id*. Montgomery concedes that his plea agreement was the result of a knowing, voluntary and intelligent waiver. However, he claims that we should reach the merits of his appeal because enforcing the appellate waiver and allowing the fine and term of imprisonment to stand would result in a miscarriage of justice.

In *United States v. Khattak*, 273 F.3d 557, 563 (3d Cir. 2001), we identified various factors to consider when deciding whether to enforce an appellate waiver. They include inquiring into whether any error was clear, its gravity, the effect of that error on the parties, and the nature of the error alleged. In *Khattak*, we also discussed the relative advantages and disadvantages of a defendant's decision to waive his/her ability to appeal,

and we explained that a valid waiver will be enforced (absent a miscarriage of justice) regardless of the merits of the appeal. *See Khattak*, 273 F.3d at 562. The existence of such an error is an "unusual circumstance." *Id*.; *see also United States v. Shedrick,* 493 F.3d 292, 298 (3d Cir. 2007)(ineffective assistance of counsel at the pleading stage is an example of a miscarriage of justice sufficient to overcome a waiver-of-appeal provision); *United States v. Brown*, 232 F.3d 399, 403 (4th Cir. 2000)(citing a sentence in excess of the statutory maximum or a sentence based on a constitutionally impermissible factor as example of a miscarriage of justice). Thus, "[a] waiver of the right to appeal includes a waiver of the right to appeal difficult or debatable legal issues-indeed, it includes a waiver of the right to appeal blatant error." *Id*. (*citing United States v. Howle*, 166 F.3d 1166, 1169 (11th Cir. 1999)).

Montgomery argues that the district court misinterpreted U.S.S.G. §§ 4A1.2(k)(1) and 4A1.1(a), thus counting a 1989 conviction for intentional possession of a controlled substance toward his criminal history calculation. He also argues that the $5,000 fine exceeds his ability to pay and that the court acknowledged as much during his sentencing but nevertheless imposed the fine.[1] Neither contention constitutes an extraordinary

---

[1] Montgomery's Presentence Investigation Report concluded: "it does not appear that the defendant has the ability to pay a fine within the stated guideline range. If the defendant is incarcerated, payment on a minimal fine or restitution can commence through the Bureau of Prisons Inmate Financial Responsibility Program." PSR ¶ 91. The fine range for Montgomery's offense is from $10,000 to $3,000,000 pursuant to U.S.S.G. §§ 5E1.2(c)(3) and (c)(4).

After imposing a $5,000 fine, the district court stated, "I know you don't have that, but that will help you get a job while you're in prison, and you can participate in the Bureau of Prisons Inmate Financial Responsibility Program payable at $20 a month . . . ." (App. 52.)

3

occurrence of the kind contemplated by *Khattak* and neither is sufficient to invalidate Montgomery's admittedly knowing and intelligent waiver. Accordingly, we will enforce Montgomery's appellate waiver and refrain from reaching the merits of his appeal.

## II.

For the reasons stated above, we will affirm the judgment of the District Court.

---

Montgomery did not object at the time of sentencing.