<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4637**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

THOMAS ERECO CAMERON,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (5:07-cr-00252-BO-1)

Submitted: February 25, 2009      Decided: March 17, 2009

Before WILKINSON, MOTZ, and AGEE, Circuit Judges.

Dismissed in part; affirmed in part by unpublished per curiam opinion.

C. Scott Holmes, BROCK, PAYNE & MEECE, PA, Durham, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Anne M. Hayes, Denise Walker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas Ereco Cameron pleaded guilty, pursuant to a plea agreement, to possession with intent to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1) (2006), and was sentenced to 210 months of imprisonment. Cameron appeals, arguing that the court committed error in imposing his sentence and the Government breached the plea agreement. We dismiss Cameron's appeal in part and affirm in part.

Cameron claims that the district court committed procedural error in imposing his sentence by failing to consider the factors under 18 U.S.C. § 3553(a) (2006). However, as the Government contends, Cameron's challenge to his sentence is barred by the appeal waiver in his plea agreement.

A defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C. § 3742 (2006). United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). This court reviews de novo the validity of a waiver, United States v. Brown, 232 F.3d 399, 403 (4th Cir. 2000), and will uphold a waiver of appellate rights if the waiver is valid and the issues raised are within the scope of the waiver. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

In this case, the language in the plea agreement is clear and unambiguous. Under its terms, Cameron agreed to waive

2

his right to appeal the sentence imposed so long as it was not in excess of the advisory guideline range.[1] In addition, the district court conducted a thorough inquiry pursuant to Fed. R. Crim. P. 11 establishing that Cameron understood the proceedings and the provisions of the plea agreement. Thus, the appeal waiver is both valid and enforceable, and Cameron's challenge to his below-guidelines sentence clearly falls within the broad scope of the waiver. We therefore dismiss Cameron's appeal with respect to this claim.

Cameron also contends that the Government violated the terms of his plea agreement by referring to a protected statement during the sentencing hearing.[2] Because Cameron did not raise this claim before the district court, we review the issue for plain error. See United States v. McQueen, 108 F.3d 64, 65-66 (4th Cir. 1997).

Cameron's plea agreement provided that, in accord with U.S. Sentencing Guidelines Manual ("USSG") § 1B1.8 (2007), information he provided pursuant to the cooperation provisions

---

[1] Cameron's guideline range was between 235 and 293 months of imprisonment.

[2] A defendant's waiver of appellate rights cannot foreclose an argument that the government breached its obligations under the plea agreement. See United States v. Cohen, 459 F.3d 490, 495 (4th Cir. 2006); United States v. Bowe, 257 F.3d 336, 342 (4th Cir. 2001). Accordingly, the Government properly does not seek to enforce Cameron's appeal waiver as to this claim.

of his plea agreement would not be used in determining the applicable guideline range. This provision was not violated. Cameron's offense level of thirty-two was based on a drug quantity of 5.5 kilograms, consistent with Cameron's stipulation in the plea agreement that the relevant quantity of cocaine was between five and fifteen kilograms.

While USSG § 1B1.8 does not permit the use of self-incriminating information provided pursuant to a cooperation agreement to be used in the calculation of the guideline range, the provision "shall not be applied to restrict the use of the information . . . in determining whether, or to what extent, a downward departure from the guidelines is warranted pursuant to a government motion under § 5K1.1." USSG § 1B1.8(b)(5). In this case, the court considered Cameron's protected statement only in addressing the Government's substantial assistance motion, a permissible use under the guideline. Therefore, Cameron cannot establish error, plain or otherwise.

Accordingly, we dismiss Cameron's appeal in part and affirm in part. In addition, because Cameron is represented by counsel, we deny his motion to file a pro se supplemental brief. See Fed. R. App. P. 28(a), (c). We dispense with oral argument because the facts and legal contentions are adequately presented

in the written materials before the court and argument would not aid the decisional process.

<u>DISMISSED IN PART;</u>
<u>AFFIRMED IN PART</u>
