**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 09-4997**

———————

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

KENNETH LOCKLEAR,

Defendant – Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Dever III, District Judge. (7:08-cr-00140-D-1)

———————

Submitted: August 19, 2010          Decided: August 26, 2010

———————

Before MOTZ, GREGORY, and AGEE, Circuit Judges.

———————

Dismissed by unpublished per curiam opinion.

———————

G. Ryan Willis, Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenneth Locklear pled guilty, pursuant to a written plea agreement, to conspiracy to distribute and possession with intent to distribute five kilograms or more of cocaine and a quantity of marijuana. He was sentenced to 324 months' imprisonment. On appeal, Locklear raises several sentencing issues and asserts that his waiver of appellate rights was not knowing and voluntary. The Government has moved to dismiss Locklear's appeal as barred by the plea agreement's waiver of appellate rights.

This court reviews the validity of an appellate waiver de novo, United States v. Brown, 232 F.3d 399, 402-03 (4th Cir. 2000), and will uphold a waiver of appellate rights if the waiver is valid and the issue being appealed is covered by the waiver. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). A waiver is valid if the defendant's agreement to the waiver was knowing and voluntary. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992); United States v. Wessells, 936 F.2d 165, 167 (4th Cir. 1991).

To determine whether a waiver is knowing and voluntary, this court examines "the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." United

States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks omitted). Generally, if a district court fully questions a defendant regarding the waiver of appellate rights during the Fed. R. Crim. P. 11 colloquy, the waiver is valid. Wessells, 936 F.2d at 167-68.

Our review of the record leads us to conclude that Locklear, who was sentenced within the advisory Guidelines range, knowingly and voluntarily waived the right to appeal any sentence that was not above the advisory Guidelines range and any issues relating to the establishment of the Guidelines range. We further conclude that the sentencing issues Locklear raises on appeal fall within the scope of this waiver. We therefore grant the Government's motion to dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED