**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4474**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

CHAD EMORY JONES,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City.    Terrence W. Boyle, District Judge.  (5:10-cr-00219-BO-2)

Submitted:  July 12, 2012              Decided:  August 17, 2012

Before MOTZ and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

J. Michael McGuinness, THE MCGUINNESS LAW FIRM, Elizabethtown, North Carolina, for Appellant.    Jennifer  P.  May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Chad Emory Jones appeals the 150-month sentence imposed following his guilty plea to aiding and abetting the distribution of more than five grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (2006) and 18 U.S.C. § 2 (2006), and being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2006). On appeal, Jones' first attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there were no meritorious grounds for appeal, but asking this court to review the underlying proceedings for error. Although advised of his right to do so, Jones declined to file a pro se supplemental brief. The Government did not file a response.

During our initial Anders review, we discerned three nonfrivolous issues and directed the parties to submit merits briefs on those points. We further appointed new counsel to represent Jones. In accordance with our directive, Jones' new attorney submitted a comprehensive brief addressing the validity and enforceability of the appeal waiver and the various sentencing issues identified in our briefing order. The Government now moves to dismiss the appeal as to Jones' sentence, arguing that it is precluded by the appeal waiver in Jones' plea agreement. Jones counters that the waiver provision is not enforceable because the Government breached the plea

2

agreement at sentencing and, alternatively, that his acceptance of the appeal waiver was coerced.

It is well settled that an appeal waiver cannot preclude consideration of a claim that the Government breached the plea agreement. United States v. Dawson, 587 F.3d 640, 644 n.4 (4th Cir. 2009). Thus, we reject the Government's motion to dismiss as to Jones' claim of a purported breach of the plea agreement at sentencing. However, for the reasons discussed herein, we hold that Jones' breach claim fails, on the merits, because he cannot demonstrate that the breach affected his substantial rights. And because the appeal waiver is otherwise valid, we grant the motion to dismiss the appeal as to all remaining issues relevant to Jones' sentence. Finally, we affirm Jones' convictions.

Jones first argues the Government breached the plea agreement by failing to fulfill its express promise to advise the sentencing court of the "full extent" of his cooperation and that this breach renders the waiver inoperative. Because Jones did not raise this breach claim in the district court, appellate review of this issue is for plain error. Puckett v. United States, 556 U.S. 129, 133-34 (2009); Dawson, 587 F.3d at 645. To prevail, Jones must show that an error occurred, the error was plain, the error affected his substantial rights and, if not corrected, the error would seriously affect the fairness,

integrity, or public reputation of judicial proceedings. <u>United States v. Olano</u>, 507 U.S. 725, 732-37 (1993).

Plea agreements are grounded in contract law, and both parties are entitled to the benefits of their bargain. <u>United States v. Bowe</u>, 257 F.3d 336, 345 (4th Cir. 2001). Where an agreement is ambiguous in its terms, the terms must be construed against the Government. <u>United States v. Harvey</u>, 791 F.2d 294, 303 (4th Cir. 1986). However, in enforcing agreements, the Government is held only to those promises it actually made. <u>Dawson</u>, 587 F.3d at 645.

The Government concedes that such an explicit promise was made here, which indeed went unfulfilled. Thus, there is no question as to the breach, and the breach is plain. As discussed earlier, Jones' waiver of his right to appeal does not preclude appellate review of this issue. However, as to the merits of this claim, the Government persuasively argues that this breach did not affect Jones' substantial rights because there is no "nonspeculative basis in the record to conclude that the district court would have imposed a lower sentence but for the [breach]." <u>United States v. Knight</u>, 606 F.3d 171, 180 (4th Cir. 2010). We agree with the Government and therefore affirm as to this aspect of Jones' sentence.

The Supreme Court has clarified that, under the plain error standard, when the rights acquired by the defendant under

4

the plea agreement relate to sentencing, "the 'outcome' he must show to have been affected is his sentence." Puckett, 556 U.S. at 142 n.4. This Jones does not endeavor to do. Jones relies instead on the "fundamental" nature of the error that was the Government's breach to satisfy the third prong of the plain error inquiry. But this, standing alone, is insufficient, and we discern no nonspeculative basis in the record on which we could conclude that the district court would have imposed a lower sentence had the Government fulfilled its obligation. See Knight, 606 F.3d at 180. Thus, while appellate consideration of this claim is not foreclosed by the appeal waiver, we hold that the claim nonetheless fails under the plain error standard. Accordingly, the motion to dismiss is denied as to this claim, and we instead reject it on the merits.

We next consider Jones' alternative contention that the waiver is invalid because he was coerced into accepting it, and thus that it does not bar appellate review of his claims pertaining to the particular sentence the court imposed. This court reviews the validity of an appellate waiver de novo, and will enforce the waiver if it is valid and the issue appealed is within the scope thereof. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). An appeal waiver is valid if the defendant knowingly and intelligently agreed to it. Id. at 169.

To determine whether a waiver is knowing and intelligent, we examine the background, experience, and conduct of the defendant. United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995); United States v. Davis, 954 F.2d 182, 186 (4th Cir. 1992). Ultimately, however, the issue is "evaluated by reference to the totality of the circumstances." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002). Generally, if a district court fully questions a defendant regarding the waiver of appellate rights during the Fed. R. Crim. P. 11 colloquy, the waiver is valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005).

Our review of the record leads us to conclude that Jones knowingly and voluntarily waived his right to appeal his sentence. Although Jones argues that his acceptance of the waiver resulted from the inherently coercive plea bargaining process, this contention runs contrary to our established precedent. We have previously rejected an "unequal bargaining position" contention with regard to appellate waivers, see United States v. Cohen, 459 F.3d 490, 495 (4th Cir. 2006), and have upheld appeal waivers with respect to sentences that were not determined at the time of the plea. See United States v. Brown, 232 F.3d 399, 404-06 (4th Cir. 2000) (upholding waiver of right to appeal "whatever sentence is imposed"). Finally, we note that all of the particular sentencing issues raised in this

appeal fall within the ambit of the appeal waiver. Specifically, the waiver precludes an appeal of any within-Guidelines sentence the court imposed, on any ground. There is no dispute that the sentence Jones received was within his Guidelines range. For these reasons, we grant the Government's motion to dismiss, in part, and dismiss the appeal of Jones' sentence in part.

Jones' appeal waiver, however, does not preclude an appeal of his convictions. Because Jones did not challenge the validity of his guilty plea in the district court, we review only for plain error. United States v. Martinez, 277 F.3d 517, 524-27 (4th Cir. 2002). Our review of the record reveals that the district court substantially complied with the dictates of Rule 11 and committed no error warranting correction on plain error review. We therefore affirm this portion of the judgment.

In accordance with Anders, we have reviewed the entire record in the case and have found no other potentially meritorious issues for appeal that fall outside the scope of the appellate waiver. We therefore dismiss in part and affirm in part. We require that counsel inform Jones, in writing, of the right to petition the Supreme Court of the United States for further review. If Jones requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from

7

representation. Counsel's motion must state that a copy thereof was served on Jones. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART